John McCLUSKEY, Appellant,[1]

v.

The STATE of Texas, Appellee.

No. 01–01–00410–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 20, 2001.

---

**1.** Abelardo Cajiao Guevara a/k/a Alberado Guevara was the principal on the bond at issue in this appeal. Guevara is not represented by appellant John McCluskey's attorney. Nor is Guevara represented by anyone in this appeal. Nonetheless, appellant McCluskey's attorney named Guevara as a co-appellant in McCluskey's notice of appeal. For the reasons stated in this footnote, we do not include Guevara as an appellant.

Don R. Cantrell, Houston, for Appellant.

Calvin Hartmann, Kathy Braddock, Assistant District Attorneys, Houston, for the State.

Panel consists of Justices COHEN, HEDGES, and TAFT.

## OPINION

MURRY B. COHEN, Justice.

Do the decisions of the Texas Supreme Court or the Texas Court of Criminal Appeals govern the filing of late notices of appeal in the appeal of a bail-bond forfeiture? The two courts' decisions conflict on how to interpret TEX.R.APP. P. 26.3, and we must decide which to follow in order to decide if we have jurisdiction. We hold that the Texas Supreme Court's holding controls the issue; consequently, we have jurisdiction.

John McCluskey appeals a default judgment rendered against him, as surety, in a bond-forfeiture case. We affirm.

### Jurisdiction

■ The State argues we lack jurisdiction over this appeal because (1) the case is criminal in nature; (2) a notice of appeal filed within 15 days after the notice's due date must thus be accompanied by a motion for extension; (3) McCluskey filed his notice of appeal 14 days late, without a motion for extension; and (4) McCluskey's notice of appeal was thus late, depriving this Court of jurisdiction. We disagree.

The Texas Court of Criminal Appeals interprets rule of appellate procedure 26.3 strictly to require an appellant in a criminal case to file notice of appeal *and* a motion for extension within the 15–day period for filing a late notice of appeal. *Olivo v. State,* 918 S.W.2d 519, 522–26 (Tex.Crim.App.1996). In contrast, the Texas Supreme Court interprets rule of appellate procedure 26.3 liberally in civil cases by implying a timely-filed motion for extension when only a notice of appeal is filed within the 15–day late period. *Verburgt v. Dorner,* 959 S.W.2d 615, 617 (Tex. 1997). Which one controls here?

■ A bond-forfeiture case is a criminal matter. *State v. Sellers,* 790 S.W.2d 316, 321 (Tex.Crim.App.1990). Nevertheless, trials of such cases are governed by the rules of civil procedure. TEX.CODE CRIM. PROC. ANN. art. 22.10 (Vernon Supp.2001); *Blue v. State,* 170 Tex.Crim. 449, 341 S.W.2d 917, 919 (1960) (interpreting article 22.10's predecessor to mean that rules of civil procedure apply). Similarly, appeals of bond forfeitures are governed "by the same rules that govern civil actions where an appeal is taken...." TEX.CODE CRIM. PROC. ANN. art. 44.44 (Vernon 1979); *see also Surety Ins. Co. of California v. State,* 514 S.W.2d 454, 455 (Tex.Crim.App.1974) (proceedings for review of bond forfeitures are controlled by "the law and the rules applicable for the review of civil actions."); *accord, e.g., Salazar v. State,* 486 S.W.2d 323, 323 (Tex.Crim.App.1972); *Belton v. State,* 133 Tex.Crim. 308, 110 S.W.2d 914, 914 (1937).

Under this law, the Supreme Court's interpretation of rule of appellate procedure 26.3 in *Verburgt v. Dorner*[2] prevails, notwithstanding that the matter is criminal. Applying *Verburgt* means in turn

that we imply a timely-filed motion for extension of time. *See id.,* 959 S.W.2d at 617. We did that earlier, when we implied such a timely-filed motion here and simultaneously ordered McCluskey to file a reasonable explanation for his untimely notice of appeal in June 2001—which explanation we accepted in July 2001.

We hold the notice of appeal and motion for extension were timely filed under *Verburgt,* and, therefore, we have jurisdiction.

## The Merits

In his sole issue, McCluskey argues there is no evidence to support the $10,000 judgment. Specifically, he argues (1) the State did not prove liquidated damages because it did not attach the bond instrument to its forfeiture petition; (2) the damages were thus unliquidated; and (3) the State did not prove unliquidated damages because no hearing was allegedly held.

■ The rules of civil procedure apply. TEX.CODE CRIM. PROC. ANN. art. 22.10. "When a judgment by default is rendered against the defendant, or all of several defendants, if the claim is liquidated and proved by an instrument in writing, the damages shall be assessed by the court, or under its direction, and final judgment shall be rendered therefor, unless the defendant shall demand and be entitled to a trial by jury." TEX.R. CIV. P. 241. "It is well settled that the State's case in a bond forfeiture proceeding consists of the bond and the judicial declaration of the forfeiture of the bond, which is the judgment nisi. Once this has been established, the defendant must then prove that one of the elements has not been complied with." *Tocher v. State,* 517 S.W.2d 299, 301 (Tex.

---

2. *Id.,* 959 S.W.2d 615, 617 (Tex.1997) (under predecessor of appellate rule 26.3, implying in civil cases a timely-filed motion for exten-sion when a notice of appeal alone is filed within the 15 day late period).

Crim.App.1975); *accord Alvarez v. State,* 861 S.W.2d 878, 880–81 (Tex.Crim.App. 1992).

 The State proved liquidated damages of $10,000. The trial court record contained both the judgment nisi, which recited a $10,000 bond amount, and the bond itself, showing $10,000. Contrary to McCluskey's claim that no hearing was held, the final judgment recites that the cause went to trial and that the judge considered "the pleadings and evidence herein, including the bail bond and the Judgment of Forfeiture on file in this cause."[3] Nothing undermines these recitations, which show on their face that a bench trial was held and that the trial judge considered as evidence the two documents required to prove liquidated damages. We thus need not reach McCluskey's argument concerning proof of unliquidated damages.

We overrule McCluskey's sole issue.

We further overrule the State's cross-issue for sanctions for frivolous appeal under Tex.R.App. P. 45. *See also Angelou v. African Overseas Union,* 33 S.W.3d 269, 282 (Tex.App.—Houston [14th Dist.] 2000, no pet.) ("The question of whether to grant sanctions is a matter of discretion, which we exercise with prudence and caution, and only after careful deliberation.... [W]e will do so only in circumstances that are truly egregious.").

## Conclusion

We affirm the judgment.

---

**3.** McCluskey cites three cases for the proposition that the written instrument proving liquidated damages must be attached to the citation or petition for the State to carry its evidentiary burden, but those cases do not hold that. *See Abcon Paving, Inc. v. Crissup,* 820 S.W.2d 951, 953 (Tex.App.—Fort Worth 1991, no writ); *Kelley v. S.W. Bell Media, Inc.,* 745 S.W.2d 447, 448–49 (Tex.App.—Houston [1st Dist.] 1988, no writ); *Higgins v. Smith,* 722 S.W.2d 825, 827 (Tex.App.—Houston [14th Dist.] 1987, no writ). Here, in any event, the judgment undisputedly shows that the trial judge considered these documents, which were within its file, whether attached to the petition or not. And because (1) there is neither a reporter's record nor fact findings and (2) the judgment recites that the judge considered "evidence," we presume the trial judge admitted these two documents into evidence. *Cf. Holt Atherton Indus., Inc. v. Heine,* 835 S.W.2d 80, 83 (Tex.1992) (when no fact findings requested, implying judge made all necessary findings to support judgment); *cf. also Mackintosh v. State,* 845 S.W.2d 361, 364 (Tex.App.—Houston [1st Dist.] 1992, no pet.) (in bond-forfeiture appeal, when there is no reporter's record, and the appellate record contains no court reporter's certificate that no evidence was admitted or that no reporter's record was made, presuming the evidence supports the judgment). We also note that the evidence would have been sufficient if the judge had simply taken judicial notice of the documents in his file, such as the judgment nisi. *Hokr v. State,* 545 S.W.2d 463, 465–66 (Tex.Crim.App.1977).