Opinion issued December 12, 2002











 








In The
Court of Appeals
For The
First District of Texas
 

 
 
NOS. 01-01-00451-CV 01-01-00452-CV
____________
 
JAMES R. SPRADLIN, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee
 

 
 
On Appeal from the 179th District Court
Harris County, Texas
Trial Court Cause Nos. 790966-A and 790965-A
 

 

O P I N I O N

          Appellant, James R. Spradlin, the surety on two bail bonds executed for James
David Harrison, challenges the trial court’s summary judgment in favor of the State
in these bond forfeiture proceedings.


 Appellant presents 12 issues for our review,
contending that the trial court erred in granting the State’s objections to appellant’s
summary judgment evidence, granting the State’s motion for summary judgment on
the bond forfeiture, and denying appellant’s motion for summary judgment on the
affirmative defense that Harrison was deceased at the time he failed to appear. We
affirm.
Facts and Procedural Background
          In 1998, James David Harrison was charged with the felony offenses of
delivery of more than 400 grams of a controlled substance and aggravated assault of
a public servant. To secure his release from custody pending his trial, Harrison
executed two bail bonds in the amount of $100,000 each, with appellant being the
surety on each bond. On June 7, 1999, Harrison failed to appear in the trial court as
required, and the trial court signed a judgment of forfeiture (judgment nisi) of the
bonds in each case the following day.
          The State then sued Harrison and appellant for the amounts of the forfeited
bonds. Appellant answered the lawsuit and raised the affirmative defense that
Harrison was deceased at the time he failed to appear in court and thus, appellant was
exonerated from having to pay the amount of the bond. The State subsequently
moved for summary judgment, asserting that it was entitled to judgment as a matter
of law in the amount of the bonds because a valid judgment of forfeiture had been
signed and appellant had presented no material fact issue excusing Harrison’s failure
to appear in court in the criminal proceedings.
          Appellant responded to the State’s motion and moved for summary judgment
on the ground that Harrison’s failure to appear in court was due to his death. As
summary judgment evidence, appellant presented affidavits of Jill Byler-Harrison
(Harrison’s wife), Jana Diane Harrison (Harrison’s mother), and James Douglas
Harrison (Harrison’s father). In her affidavit, Jill Byler-Harrison stated that she had
not seen her husband since May 30, 1999, had not been contacted by him, did not
believe that her husband had attempted to withdraw any funds from their joint bank
accounts or use his credit cards after that date, and did not believe he was alive. In
her affidavit, Jana Diane Harrison stated that she had not seen her son since Mother’s
Day of 1999 and did not believe he was alive. In his affidavit, James Douglas
Harrison stated that he had not seen or been contacted by his son since about one
month prior to his son’s disappearance and did not believe his son was alive.
          As additional summary judgment evidence, appellant presented records and
more than 100 photographs subpoenaed from the custodian of records for the
Galveston Police Department concerning its investigation of the June 6, 1999
discovery of Harrison’s blood-stained pickup truck. Those police records indicated
that Harrison’s pickup truck was found in the parking lot of a church in Galveston. 
The investigating officers reported that the truck’s doors were locked and that there
was what appeared to be blood on the interior of the truck on the passenger-side seat,
door, dashboard, windshield, and window, and outside the truck on a metal footrest
and on the ground near the passenger side of the truck. The investigating officers
reported that they did not observe any blood trail or “drag marks” leading away from
the truck. The officers also found a .32 caliber shell casing on a table within 15 feet
of the truck. Harrison’s body was not found. The photographs contained in the
police investigation file depicted the area where Harrison’s truck was found and the
interior and exterior of his truck.
          The Galveston Police Department’s investigation file also contained a report
from Texas Department of Public Safety (“DPS”) criminalist Javier B. Flores. In his
report, Flores noted that the DNA profile of a bloodstain on the passenger door of
Harrison’s truck indicated that the blood belonged to a man and was “consistent with”
a partial DNA profile obtained from a hair brush.


 Flores also noted that “the nuclear
DNA examined from these two items could have had a common source.”
          Appellant also presented an affidavit from Dr. Wayne G. Mulloy, who stated
that he is a licensed physician in Harris County and had reviewed 57 of the
photographs contained in the Galveston Police Department investigation file. Dr.
Mulloy expressed the opinion that, based on reasonable medical probability, a person
who suffered wounds such as indicated by the amount of bloodstains in Harrison’s
truck “could not have survived without immediate hospital care and whole blood
transfusions.”
          The State responded to appellant’s summary judgment and objected to portions
of his summary judgment evidence on various grounds. The State objected to the
affidavits of Harrison’s family members on the grounds that they were conclusory,
not based on personal knowledge, and based on inadmissible hearsay. The State
objected to the affidavit of Dr. Mulloy on the grounds that it was conclusory and did
not show Mulloy was qualified to offer the opinions expressed in his affidavit. The
State also objected to the records from the Galveston Police Department as not
properly authenticated.
          In addition, the State offered an affidavit from DPS criminalist Javier Flores,
who stated, in part, as follows:
Based upon my analysis of the DNA extracted, I was only able to
determine that bloodstain [sic] from the side door of the vehicle and the
samples from the hairbrush were from human male donors. I was not
able to determine with a reasonable degree of certainty that the
bloodstain and hair were from the same donor.

          Appellant also raised a no-evidence challenge in his motion for summary
judgment, arguing that, because the underlying judgments nisi were defective on their
face, the State could not produce evidence sufficient to raise a material fact question
concerning their validity.
          Following a hearing on the motions, the trial court sustained the State’s
objections to appellant’s summary judgment evidence, granted the State’s motion for
summary judgment in each case, and denied appellant’s motion for summary
judgment in each case. Appellant filed a motion and an amended motion for new
trial, which were denied. Appellant subsequently filed a notice of appeal in each
case.



 
Standard of Review
          A party moving for a traditional summary judgment has the burden of proving
that there is no genuine issue of material fact and that the movant is entitled to
judgment as a matter of law. Tex. R. Civ. P. 166a(c); Nixon v. Mr. Prop. Mgmt., 690
S.W.2d 546, 548 (Tex. 1985); Farah v. Mafrige & Kormanik, 927 S.W.2d 663, 670
(Tex. App.—Houston [1st Dist.] 1996, no writ). When deciding whether there is a
disputed material fact issue precluding summary judgment, evidence favorable to the
non-movant will be taken as true. Nixon, 690 S.W.2d. at 548-49. Every reasonable
inference must be indulged in favor of the non-movant and any doubts resolved in its
favor. Nixon, 690 S.W.2d at 548-49. When a defendant raises an affirmative defense
in opposition to a motion for summary judgment, he must present sufficient summary
judgment proof to raise a fact issue on each element of his affirmative defense. Am.
Petrofina, Inc. v. Allen, 887 S.W.2d 829, 830 (Tex. 1994). However, when a
defendant moves for summary judgment on an affirmative defense, he must
conclusively establish each element of his affirmative defense as a matter of law,
thereby rebutting the plaintiff’s cause of action. Cathey v. Booth, 900 S.W.2d 339,
341 (Tex. 1995); Farah, 927 S.W.2d at 670.
          In a no-evidence motion for summary judgment, the movant must specifically
state the elements as to which there is no evidence. Tex. R. Civ. P. 166a(i). The
burden then shifts to the non-movant to produce evidence that raises a fact issue on
the challenged elements. Id. When reviewing the grant of a no-evidence summary
judgment, we assume all evidence favorable to the non-movant is true and indulge
every reasonable inference and resolve all doubts in favor of the non-movant. 
Flameout Design & Fabrication, Inc. v. Pennzoil Caspian Corp., 994 S.W.2d 830,
834 (Tex. App.—Houston [1st Dist.] 1999, no pet.). A no-evidence summary
judgment may not be properly granted if the non-movant brings forth more than a
scintilla of evidence to raise a genuine issue of material fact. Tex. R. Civ. P. 166a(i).
          When, as here, both parties move for summary judgment, the appealing party
may challenge the denial of its own motion as well as the judgment in favor of the
prevailing party. CU Lloyd’s v. Feldman, 977 S.W.2d 568, 569 (Tex. 1998). Each
party must carry its own burden, however, both as movant and in response to the
other party’s motion, as non-movant. Id.; James v. Hitchcock Indep. Sch. Dist., 742
S.W.2d 701, 703 (Tex. App.—Houston [1st Dist.] 1987, writ denied).
Validity of Judgments Nisi
          In issues one, two, three, five, nine, and 12, appellant contends the trial court
erred in granting the State’s motions for summary judgment and in denying his no-evidence motions for summary judgment because the underlying judgments of
forfeiture were materially defective in that they (1) do not name appellant as surety
on the bail bonds, (2) do not recite that Harrison’s name was called at the courthouse
door, and (3) do not recite the amount of the bonds.
          As noted above, the State moved for summary judgment on Harrison’s
forfeiture of his bonds. With regard to bond forfeiture proceedings, the Code of
Criminal Procedure provides as follows:
Bail bonds and personal bonds are forfeited in the following manner: 
The name of the defendant shall be called distinctly at the courthouse
door, and if the defendant does not appear within a reasonable time after
such call is made, judgment shall be entered that the State of Texas
recover of the defendant the amount of money in which he is bound, and
of his sureties, if any, the amount of money in which they are
respectively bound, which judgment shall state that the same will be
made final, unless good cause be shown why the defendant did not
appear.

Tex. Code Crim. Proc. Ann. art. 22.02 (Vernon 1989). When a forfeiture has been
declared on a bond, the case is then docketed on the civil docket with the State of
Texas as the plaintiff, and the defendant and any sureties as defendants, and the case
is governed by the same rules governing other civil suits. Id. art. 22.10 (Vernon
1989).
          “It is well-settled that the State’s case in a bond forfeiture proceeding consists
of the bond and the judicial declaration of the forfeiture of the bond, which is the
judgment nisi. Once this has been established, the defendant must then prove that one
of the elements has not been complied with.” Tocher v. State, 517 S.W.2d 299, 301
(Tex. Crim. App. 1975); McCluskey v. State, 64 S.W.3d 621, 623 (Tex.
App.—Houston [1st Dist.] 2001, no pet.).
          Here, the State offered, as summary judgment evidence, certified copies of the
bonds and judgments nisi in Harrison’s criminal proceedings. The judgments read,
in part, as follows:
This day came the State of Texas by her attorney; and the name of the
Defendant . . . who stands charged by INDICTMENT being duly and
distinctly called at the door of the Courthouse to come into Court to
answer the State of Texas on the charge of a FELONY according to the
tenor and effect of his bond on file in this Court, but after a reasonable
time and the said Defendant [sic] be and the same is, declared forfeited,
and that the State of Texas have and recover of the said Defendant . . .
as principal . . . the said (sureties if any) [appellant] . . . the sureties on
said bond the sum of $100[,]000.00 dollars. . . . This judgment will be
final unless good cause be shown why the defendant did not appear.

          The trial court’s original judgments nisi omitted the required statutory
recitations that, after Harrison’s name was called at the courthouse door, he “d[id] not
appear within a reasonable time after such call [wa]s made.” See Tex. Code Crim.
Proc. Ann. art. 22.02. However, the code provides that a judgment nisi “shall not
be set aside because of any defect of form; but such defect of form may, at any time,
be amended under the direction of the court.” See Tex. Code Crim. Proc. Ann. art.
22.12 (Vernon 1989). To add the omitted recitations, the trial court subsequently
signed orders amending its judgments nisi.
          The trial court’s amendatory orders revised its judgments nisi to read, in part,
as follows:
This day came the State of Texas by her attorney; and the name of the
Defendant . . . who stands charged by INDICTMENT being duly and
distinctly [sic] at the door of the Courthouse to come into Court to
answer the State of Texas on the charge of a FELONY according to the
tenor and effect of his bond on file in this Court, but after a reasonable
time and the said Defendant not appearing and having wholly made
default, it was therefore ordered by the Court that the bond of said
Defendant be and the same is, declared forfeited . . .

(Emphasis added.)
          Appellant contends that, the trial court’s amendatory orders constituted
amended judgments and must be read on their own, without reference to the original
judgments nisi. Appellant further argues that, because the amendatory orders do not
recite appellant’s name or name him as a surety, do not state the amount of the bond,
and do not show that Harrison’s name was called at the courthouse door, they render
the trial court’s judgments nisi invalid.
          Here, the trial court included an ellipsis at the end of the amending language
of its order in each case. In doing so, the trial court indicated its intention that the
portions of the judgments nisi being amended were not to be construed as constituting
new, entire judgments. Rather, we read the trial court’s amendatory orders to revise
only the specific text indicated, while leaving all other original text from the
judgments nisi unchanged. Because the original judgments nisi named appellant as
the surety on Harrison’s bond and recited the amount of the bond, we conclude the
judgments nisi were not defective in these respects.
          Appellant correctly points out that, although the trial court’s original judgments
nisi recited that Harrison’s name was “duly and distinctly called at the door of the
courthouse,” the amendatory orders omitted the word “called” from the recitations. 
However, as noted above, a judgment nisi may not be set aside because of a defect of
form. Tex. Code Crim. Proc. Ann. art. 22.12. Moreover, appellant does not argue
that Harrison did not receive notice of the criminal proceedings, or that Harrison’s
name was not called at the door of the courthouse as required. Rather, he argues that
Harrison was deceased at the time his name was called. Based on the record
presented, we conclude the trial court’s omission of the word “called” from its
amendatory orders did not render its judgments nisi invalid.
          We hold that the trial court’s judgments nisi in these cases were not rendered
invalid by their subsequent amendment and that, as amended, the judgments nisi were
valid. Accordingly, the State met its prima facie burden of proof to establish its
entitlement to judgment against appellant as a matter of law in the amount of the
bonds, and the trial court did not err in denying appellant’s no-evidence motions for
summary judgment on this ground.
          We overrule appellant’s issues one, two, three, five, nine, and 12.
Exoneration
          In issues four, six, eight, and 10, appellant essentially argues that the trial court
erred in denying his motion for summary judgment and in granting summary
judgment for the State because appellant established Harrison’s death as a matter of
law, or alternatively, that a material fact issue existed regarding whether Harrison was
deceased at the time he failed to appear for his criminal proceedings.
          In a bond forfeiture proceeding, a surety may answer and show cause why the
defendant did not appear. Tex. Code Crim. Proc. Ann. art. 22.11 (Vernon 1989). 
To avoid liability on the forfeited bond, a surety may offer proof on the affirmative
defense of exoneration, as provided by the Code:
The following causes, and no other, will exonerate the defendant and his
sureties, if any, from liability upon the forfeiture taken:
 
. . . .
 
2.The death of the principal before the forfeiture was taken.
 
3.The sickness of the principal or some uncontrollable circumstance
which prevented his appearance at court, and it must, in every
such case, be shown that his failure to appear arose from no fault
on his part. The causes mentioned in this subdivision shall not be
deemed sufficient to exonerate the principal and his sureties, if
any, unless such principal appear before final judgment on the
bond to answer the accusation against him, or show sufficient
cause for not so appearing.

Tex. Code Crim. Proc. Ann. art. 22.13 (Vernon 1989).
          Appellant contends that his summary judgment evidence established as a matter
of law, or alternatively, raised a material fact issue on, his affirmative defense of
exoneration based on Harrison’s alleged death prior to his failure to appear in court,
and thus, the trial court erred in denying appellant’s motion for summary judgment
and in granting the State’s motion for summary judgment.
“Uncontrollable Circumstance”
          Appellant urged his motion for summary judgment on an affirmative defense
of exoneration based on subsections (2) and (3) of article 22.13. The State argues that
appellant’s reliance on article 22.13(3) was improper because no evidence was ever
presented that Harrison’s failure to appear in court was the result of an illness or
incarceration elsewhere and because Harrison never filed an appearance in the trial
court to “answer the accusation against him, or show sufficient cause for not so
appearing.” Id.
          Subsection 3 applies as a potential basis for exoneration when a defendant is
prevented from appearing in court due to a serious illness or incarceration in another
jurisdiction. See Hill v. State, 995 S.W.2d 96, 98-100 (Tex. Crim. App. 1997)
(discussing requirements of Article 22.13(3)). Here, appellant raised the affirmative
defense of exoneration based on a theory that Harrison was deceased, not that he was
prevented from appearing in court due to an illness or incarceration in another
jurisdiction. Further, Harrison did not answer or appear in the suit below.
          We conclude that, based on the record presented, appellant did not prove as a
matter of law, or raise a material fact question, that he was entitled to an affirmative
defense under article 22.13(3), and we hold the trial court did not commit error in
denying appellant’s motion for summary judgment on this ground.
          Before examining the summary judgment evidence concerning whether
Harrison was deceased at the time he failed to appear in court, we must first address
issues of waiver raised by both parties.
Waiver
          The State contends that, in the trial court, appellant conceded the existence of
a material fact issue concerning whether Harrison was deceased at the time he failed
to appear in court. The State argues that such concession amounted to a judicial
admission and that, consequently, appellant may not now complain that the trial court
erred in denying his motions for summary judgment on this ground.
          A judicial admission must be a clear, deliberate, and unequivocal statement,
and occurs when an assertion of fact is conclusively established in live pleadings,
making the introduction of other pleadings or evidence unnecessary. Horizon/CMS
Healthcare Corp. v. Auld, 34 S.W.3d 887, 905 (Tex. 2000). A judicial admission bars
a party from disputing a fact and relieves his adversary from having to present proof
of the fact. Id.
          The State argues that comments made by appellant’s counsel during the non-evidentiary hearings pertaining to appellant’s motions for new trial constituted
judicial admissions. The record of those hearings indicates appellant’s counsel made
reference to contentions he had presented during the hearing on the parties’ motions
for summary judgment regarding the existence of a material fact issue concerning
whether Harrison was deceased. Although we have a record of appellant’s counsel’s
comments made during the hearing on appellant’s motions for new trial, we have no
record of the hearing on the parties’ motions for summary judgment, and thus, we
cannot review appellant’s actual contentions or the context in which such were made
to determine whether they constituted judicial admissions. Accordingly, we cannot
conclude from this record that appellant judicially admitted during the hearing on his
motion for summary judgment that it should have been denied on the issue of whether
Harrison was deceased at the time he failed to appear for court.
          In addition, both parties contend that the other’s pleadings and briefs concede
the existence of a material fact issue on the question of whether Harrison was
deceased and contain judicial admissions. We disagree. In their pleadings filed in
the trial court and briefing to this Court, both parties argue, in the alternative, that a
material issue of fact existed concerning Harrison’s death. Assertions of fact, pleaded
in the alternative, do not constitute judicial admissions. Hughes Wood Prod., Inc. v.
Wagner, 18 S.W.3d 202, 207 (Tex. 2000); Elliot v. Methodist Hosp., 54 S.W.3d 789,
797 (Tex. App.—Houston [1st Dist.] 2001, no pet.). Therefore, we conclude that
neither party has conceded the existence of a material fact issue regarding whether
Harrison is deceased.
Objections to Summary Judgment Evidence
          Because the State presented, and the trial court sustained, objections to
appellant’s summary judgment evidence, we must next determine whether the trial
court erred in doing so before we review the summary judgment record to determine
whether appellant proved as a matter of law or raised a material fact issue on the
affirmative defense of exoneration.
          In issues seven and 11, and a portion of issue four, appellant contends the trial
court erred in sustaining the State’s objections to portions of his summary judgment
evidence.
          We review a trial court’s admission or exclusion of evidence for abuse of
discretion. City of Brownsville v. Alvarado, 897 S.W.2d 750, 753 (Tex. 1995). To
obtain reversal of a judgment based on error in the admission or exclusion of
evidence, an appellant must show that the trial court’s ruling was in error and that the
error probably caused “the rendition of an improper judgment.” Tex. R. App. P.
44.1(a)(1); see also Alvarado, 897 S.W.2d at 753-54.
          Harrison’s Family
          In its response to appellant’s motion for summary judgment, the State objected
to portions of the affidavits of Harrison’s wife, mother, and father. Specifically, the
State objected to portions of these affidavits as being based on hearsay and not
personal knowledge. See Tex. R. Evid. 801. Affidavits used as summary judgment
evidence must contain facts that would be admissible at trial, must state that the facts
contained in the affidavit are true, and must be based on the affiant’s personal
knowledge. Tex. R. Civ. P. 166a(f).
          With regard to the affidavit of Harrison’s wife, the State objected to statements
in the affidavit that Harrison had not attempted to contact his sons, had not attempted
to withdraw funds from his bank accounts, and had not used his credit cards
following his disappearance as not being based on personal knowledge. In her
affidavit, Harrison’s wife did not explain the basis, other than her marital status, for
her personal knowledge regarding these matters. We conclude that this testimony,
standing alone, does not meet the requirements for admissibility to constitute
competent summary judgment evidence, and we hold the trial court did not abuse its
discretion in excluding such statements from the summary judgment evidence.
          The trial court also sustained the State’s objections to portions of the affidavits
of Harrison’s mother and father as based on hearsay and not personal knowledge. In
his brief, appellant does not specifically challenge these rulings, but argues that the
affidavits were admissible for the limited purpose of proving when Harrison had last
contacted his parents before his disappearance. We note that, in its brief, the State
does not object to these affidavits if offered solely for this limited purpose.
          Dr. Mulloy
          As noted above, the trial court also sustained the State’s objections to the
affidavit of Dr. Mulloy. Specifically, the State objected to Dr. Mulloy’s affidavit on
the grounds that the affidavit does not establish Dr. Mulloy’s expert qualifications to
express the opinion that a person could not survive without immediate medical
attention after sustaining the type of wounds that resulted in the amount of blood loss
as shown in the police investigation photographs of Harrison’s truck.
          An expert may be qualified to give an opinion by “knowledge, skill,
experience, training, or education.” Tex. R. Evid. 702. To be admissible, the
testimony of an expert witness must set forth the expert’s qualifications to give the
opinion. See United Blood Servs. v. Longoria, 938 S.W.2d 29, 30-31 (Tex. 1997)
(holding expert not qualified to testify regarding transmission of virus through blood
transfusion where expert had no training or experience related to blood transfusions).
          Here, with regard to his qualifications, Dr. Mulloy’s affidavit recites merely
that he is a licensed physician. His affidavit contains no explanation concerning his
field of specialty or area of practice, his training, his experience with treating
traumatic injuries, or any additional information from which to determine whether he
is qualified to express the opinions contained in his affidavit. Therefore, we conclude
the trial court did not abuse its discretion in excluding Dr. Mulloy’s affidavit.
          We overrule appellant’s issues seven and 11.
          Police Investigation Records
          The trial court sustained the State’s objections to the Galveston Police
Department records offered by appellant as summary judgment evidence. The State
objected to these records on the grounds that they were not properly authenticated and
contained no indication concerning how many pages were contained in the original
file. The State also objected to appellant’s summary judgment evidence on the
ground that it was not accompanied by a statement of intent to use unfiled discovery
products as summary judgment evidence, as required by Rule 166a(d). Tex. R. Civ.
P. 166a(d).
          With regard to appellant’s inclusion of a “statement of intent,” the record
indicates that, in his motion for summary judgment and in his response to the State’s
motion for summary judgment, appellant included a statement of intent to use the
unfiled discovery products attached to those pleadings as summary judgment
evidence. Those pleadings were timely served on the State in advance of the hearing
on the parties’ motions. Thus, appellant met the requirements of Rule 166a(d).
          Business records of regularly conducted activity, if accompanied by an
affidavit that complies with Rule 902(10), are not excluded by the hearsay rule. Tex.
R. Evid. 803(6). Extrinsic evidence of authenticity is not required as a condition
precedent to admissibility with respect to business record accompanied by an affidavit
that “substantially complies” with the provisions of Rule 902(10). Tex. R. Evid.
902(10). Here, appellant subpoenaed records from the Galveston Police Department
custodian of records, who responded under oath to appellant’s deposition on written
questions and supplied the requested records. With the exception of an indication of
the number of pages contained in the records, the custodian’s affidavit contains the
information and recitations required under Rule 902(10). Therefore, we conclude that
the custodian’s affidavit “substantially complied” with the requirements of Rule
902(10) and that the Galveston Police Department records attached thereto were
admissible. Accordingly, we hold the trial court abused its discretion in excluding
such records from the summary judgment evidence.
          We sustain the portion of appellant’s issue number four concerning the trial
court’s exclusion of the police records from the summary judgment evidence.
Evidence of Harrison’s Death
          We next examine the summary judgment record, including the evidence we
have held was improperly excluded, to determine whether the trial court’s decision
in excluding such summary judgment evidence probably caused “the rendition of an
improper judgment.” Tex. R. App. P. 44.1(a)(1). Appellant argues the summary
judgment evidence established as a matter of law, or alternatively raised a fact issue,
that Harrison was deceased at the time he failed to appear for court.
          As noted above, the competent summary judgment evidence consisted of the
investigation file from the Galveston Police Department concerning its investigation
of the June 6, 1999 discovery of Harrison’s blood-stained pickup truck in the parking
lot of a church. The investigating officers reported that the truck’s doors were locked
and that there was what appeared to be blood “splattered” throughout the passenger
side of the truck’s interior, as well as blood outside the truck on a metal footrest and
on the ground near the passenger side of the truck. The investigating officers
reported that they did not observe any blood trail or “drag marks” leading away from
the truck. The officers also found a .32 caliber shell casing on a table within 15 feet
of the truck. No body was found.
          The police investigation file also contained a report from DPS criminalist
Flores, who observed that the DNA profile of a bloodstain on the passenger door of
Harrison’s truck was “consistent with” a partial DNA profile obtained from a
hairbrush in that both samples were from men. Flores noted in his report that “the
nuclear DNA examined from these two items could have had a common source.” 
However, in a subsequent affidavit offered by the State, Flores explained that he
could not determine “with a reasonable degree of certainty” that the bloodstain and
the DNA from the hairbrush were from the same person.
          In support of his contention that the summary judgment evidence presented was
sufficient to raise a fact question concerning Harrison’s death, appellant relies on a
comparison of the evidence presented here to that presented in McDuff v. State, 939
S.W.2d 607, 612 (Tex. Crim. App. 1997), in which police recovered hair with the
same characteristics as the victim’s and blood which could not be excluded or
included as the victim’s from the trunk of the defendant’s car. However, in McDuff,
the jury was also presented with, among other things, accomplice eyewitness
testimony that the defendant forcibly abducted and sexually assaulted the victim and
struck her so hard that the blow sounded like a tree limb cracking and had sufficient
force to knock her down and “bounce” her off the ground, and expert forensic
testimony that such a blow would have resulted in fatal neurological pathway
damage. Id. at 615. Based on the material difference in the evidence presented here
from that in McDuff, we conclude appellant’s reliance on McDuff is without merit.
          Based on the record presented, we conclude the competent summary judgment
evidence did not establish, as a matter of law, that Harrison was deceased at the time
he failed to appear in court in his criminal proceedings. Thus, appellant was not
entitled to summary judgment on his affirmative defense of exoneration under article
22.13(2).
          Moreover, although the evidence contained photographs of Harrison’s blood-stained, abandoned truck, no evidence was presented to raise a fact question that the
blood depicted was Harrison’s. Therefore, we also conclude that the competent
summary judgment evidence did not raise a fact question concerning whether
Harrison was deceased at the time he failed to appear in court in his criminal
proceedings. Thus, we hold the trial court did not commit error in granting the State’s
motions for summary judgment.
          Accordingly, we overrule appellant’s issues six, eight, and 10 and the
remaining portion of issue four.
 

Conclusion
          We affirm the judgments of the trial court.
 
 
                                                                        Terry Jennings
                                                                        Justice

Panel consists of Justices Nuchia, Jennings, and Radack.

Publish. Tex. R. App. P. 47.