Opinion issued December 23, 2004






            











In The
Court of Appeals
For The
First District of Texas
 

 
 
                                               NOS. 01-04-00552-CV       01-04-00553-CV
__________
 
FELIX MICHAEL KUBOSH, Appellant

V.

THE STATE OF TEXAS, Appellee
 

 
 
On Appeal from the 209th District Court
Harris County, Texas
Trial Court Cause Nos. 935,967-A and 935,692-A
 

 
 
MEMORANDUM OPINION
          In these bond forfeiture proceedings, appellant, Felix Michael Kubosh
(Kubosh), a surety on two bail bonds executed for Hopeton Albert Shaw (Shaw),
challenges the trial court’s judgments nisi in favor of the State.


 In two issues,
Kubosh contends that the trial court erred in granting judgments in favor of the State
for the full amounts of the bonds because: (1) Kubosh complied with the statutory
requirements of article 17.16 of the Code of Criminal Procedure


 to show that he was
relieved of his obligation on the bonds and (2) “public policy dicatate [sic] that the
State should not be allowed to benefit from their [sic] inaction.”
          We affirm.
Factual and Procedural Background
          In 2003, a grand jury issued two bills of indictment, accusing Shaw of the
felony offenses of burglary of a habitation and aggravated robbery. To secure his
release from custody pending his trial, Harrison executed two bail bonds—the first
in the amount of $10,000 (burglary of habitation) and the second in the amount of
$30,000 (aggravated robbery)—with Kubosh, who is a licensed bail bondsman, as a
surety on each bond. On April 24, 2003, Shaw failed to appear in the trial court as
required, and the trial court then signed judgments nisi of the full amounts of the
bonds in each case.
          In January 2004, at the bench trial in these cases, Kubosh testified that, before
Shaw was scheduled to appear in the trial court, Shaw’s mother informed Kubosh that
she wanted to surrender her son’s bonds because Shaw was in jail on new, unrelated
charges and “she didn’t believe he was going to go to court.” Shaw’s mother also
signed affidavits of surrender, which read in pertinent part as follows: “I am [Shaw’s]
mother. My son has been arrested by South Park Police for a misdemeanor theft
charge. He is currently in their custody. I wish to surrender his bond.”
          Two days before Shaw’s scheduled court appearance, Kubosh submitted the
affidavits and surrendered the bonds to the trial court, which found that “legally
sufficient cause” existed for Shaw’s sureties to surrender him and directed the district
clerk to issue an alias capias for Shaw’s arrest in each case. Kubosh then telephoned
the Harris County Sheriff’s Office and asked an administrative assistant to inform a
“Deputy Shepherd” to “place a hold” on Shaw because warrants had been issued for
his arrest. Kubosh testified that, “so as to make sure [Shaw] wasn’t released,” he also
telephoned the jail and informed a deputy sheriff, whom he identified as “Sergeant
King,” that the trial court had signed warrants for Shaw’s arrest.
          At the conclusion of the trial, the trial court found in favor of the State and
signed final judgments of forfeiture against Kubosh, Shaw, and Shaw’s mother,
jointly and severally, on the full amounts of the bonds.
Discharge of Liability on Bonds
          In his first issue, Kubosh argues that the trial court erred in granting the final
judgments against him in these cases because the evidence presented at trial
established that Kubosh complied with the statutory requirements for discharging his
liability on the bonds. We construe this issue as a challenge to the legal sufficiency
of the evidence presented to the trial court at the bench trial, and we will reverse the
trial court’s judgments if the record indicates that Kubosh conclusively established
all vital facts in support of his contention. See Dow Chem. Co. v. Francis, 46 S.W.3d
237, 241 (Tex. 2001) (per curiam).



          The Code of Criminal Procedure defines “bail” as “the security given by the
accused that he will appear and answer before the proper court the accusation brought
against him.” Tex. Code Crim. Proc. Ann. art. 17.01 (Vernon 1977). A “bail bond”
is “a written undertaking entered into by the defendant and his sureties for the
appearance of the principal therein before some court or magistrate to answer a
criminal accusation . . . .” Id. art. 17.02 (Vernon 1977). Such a bond is “valid and
binding upon the defendant and his sureties.” Id. art. 17.09 (Vernon 1977). The
elements of the State’s case in a bond forfeiture proceeding consist of the bond and
the judicial declaration of the forfeiture of the bond, which is the judgment nisi. 
McCluskey v. State, 64 S.W.3d 621, 623 (Tex. App.—Houston [1st Dist.] 2001, no
pet.). Once these are established, the defendant or his sureties must then prove that
one of the elements has not been complied with. Id.
          Kubosh does not challenge the validity of the bonds or the fact that Shaw did
not appear before the trial court as scheduled. Rather, he argues that, prior to Shaw’s
scheduled appearance, Kubosh complied with the statutory requirements for
discharging his liability on the bonds. With regard to a bondman’s ability to
discharge his liability on a bond before an accused’s scheduled court appearance, the
Code of Criminal Procedure provides as follows:
(a)A surety may before forfeiture relieve himself of his undertaking
by:
 
(1)surrendering the accused into the custody of the sheriff of
the county where the prosecution is pending; or
 
(2)delivering to the sheriff of the county where the
prosecution is pending an affidavit stating that the accused
is incarcerated in federal custody, in the custody of any
state, or in any county of this state.
 
(b)For the purposes of Subsection (a)(2) of this article, the bond is
discharged and the surety is absolved of liability on the bond on
the sheriff’s verification of the incarceration of the accused.

Tex. Code Crim. Proc. Ann. art. 17.16 (Vernon Supp. 2004-2005) (emphasis
added).
          Here, after the State proved that Kubosh was a surety on the bonds executed
by Shaw and that Shaw had failed to appear in the trial court as scheduled, it was
Kubosh’s burden to prove that he had discharged his liability on the bonds by
complying with the requirements of article 17.16. Because Kubosh did not physically
surrender Shaw to the Harris County Sheriff, Kubosh was required to present
evidence establishing that (1) he had delivered an affidavit to the Harris County
Sheriff stating that Shaw was in custody and (2) the Harris County Sheriff had
verified Shaw’s incarceration. However, at trial, Kubosh presented no evidence that
he ever delivered such an affidavit to the Harris County Sheriff or that he ever
obtained any official verification by the Harris County Sheriff, or from any other
authorized law enforcement representative, that Shaw had been incarcerated, as
required by article 17.16(b). Accordingly, we hold that the record indicates that
Kubosh did not conclusively establish that he complied with all of the requirements
of article 17.16 to discharge his liability on the bonds. See Francis, 46 S.W.3d at
241.
          We overrule Kubosh’s first issue.
 
Public Policy
          In his second issue, appellant argues that this Court should reverse the trial
court’s judgments on the basis of public policy because “Public Policy dictates that
when a jail or a Police officer receives a call stating that a person in their jail has a
Felony Warrant, then the jail or local Police officer should at least search for the
warrant on the computer.” As part of his argument under this issue, Kubosh also
reiterates his contention that he complied with the requirements of article 17.16.
          We note that, as an intermediate appellate court, we are constrained to apply
the provisions of the statutes enacted by the legislature and the holdings of our
superior courts, when applicable, regardless of public policy concerns. See Tex.
Dep’t of Transp. v. Needham, 82 S.W.3d 314, 318 (Tex. 2002); Lubbock County v.
Trammel’s Lubbock Bail Bonds, 80 S.W.3d 580, 585 (Tex. 2002).
          Accordingly, we overrule Kubosh’s second issue.
Conclusion
          We affirm the judgments of the trial court.
 

                                                                        Terry Jennings
                                                                        Justice

Panel consists of Justices Taft, Jennings, and Bland.