Opinion issued August 31, 2006






 



     





In The
Court of Appeals
For The
First District of Texas




NOS. 01-05-00401-CV
          01-05-00402-CV




FELIX MICHAEL KUBOSH, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 174th District Court
Harris County, Texas
Trial Court Cause Nos. 964604-A & 964605-A




MEMORANDUM OPINION
          Appellant, Felix Michael Kubosh, the surety on two bail bonds executed for
Chaderick Duane Moore, challenges the trial court’s final judgment entered in favor
of the State in a bond forfeiture proceeding.


 In two points of error, Kubosh contends
that the trial court erred in entering a judgment in favor of the State because the
evidence was insufficient and because the State moved for a default judgment against
Kubosh, even though he had filed an answer and appeared. We affirm. 
Factual and Procedural Background
          Kubosh, a licensed bail bondsman, and Sonja Salinas executed two bail bonds
in the amount of $50,000 each, as sureties on the bonds for Moore, to secure his
release from custody pending resolution of the charges. Moore failed to appear and
answer the charge against him, and the State moved for bond forfeiture. 
          The trial court entered two judgments of forfeiture (“judgments nisi”),
declaring the bonds forfeited and ordering that the State recover from Moore, as
principal on the bonds, and Kubosh and Salinas, as sureties on the bonds, the sum of
$50,000 for each bond. The judgments nisi further ordered that citation issue to the
sureties and “show cause why [the] judgment of forfeiture should not be made final.” 
Kubosh filed a general denial and affirmatively pleaded the defense of equitable
remittitur. Prior to trial, Kubosh filed a motion for continuance, stating that he had
expended a significant amount of time and resources in searching for Moore. Kubosh
requested a 90-day reset of the trial because he was “close to apprehending Moore.” 
The trial court orally granted Kubosh’s motions for continuance on both bonds at a
scire facias


 hearing, and reset the trial. Kubosh also filed motions for remittitur on
both bonds, requesting that the trial court “remit to the surety one-half ($25,000) of
the bond on this case.” 
          At trial, the reporter’s record indicates that the court reporter was instructed to
put the hearing on the record after the hearing had begun. The record begins with
Kubosh’s trial counsel objecting to the State’s motion to dismiss its case against co-surety Salinas. Kubosh asked the trial court not to grant the dismissal against Salinas
and further requested that the court grant him a motion for continuance for one day
so that Salinas could be properly issued a subpoena. In response, the State explained
that it was unable to get service on Salinas and then asked the trial court to grant a
“default judgment against Mr. Kubosh.” The trial court denied Kubosh’s oral motion
to deny the default judgment, denied his motion for continuance, and overruled his
objection to the entry of default judgment. The trial court then signed the final
judgments of forfeiture, declaring the bonds forfeited against Kubosh, and dismissed
the State’s cases against Salinas because of a failure to secure service of process. 
          This Court granted Kubosh’s opposed motions for “Correction of Inaccuracies
in the Reporter’s Record” and ordered that a hearing be held to resolve the alleged
inaccuracies in the court reporter’s record. At the hearing, Kubosh’s trial counsel
called him to the stand. Kubosh testified that, at the scire facias hearing, the
prosecutor quickly approached the bench before the judge had the chance to call the
case to trial. He further stated that the prosecutor never asked the Court to take
judicial notice of the judgments nisi or the bail bonds. Kubosh testified that, in his
opinion, the only thing missing from the record was that the prosecutor approached
the bench and asked for a default judgment prior to the docket being called.
          On direct examination by the State, the prosecutor gave his recollection of what
occurred at the hearing:
The Judge called the case for trial. He asked if the parties were
ready. State said they were. Mr. Kubosh said he was. I, at that
time, then moved the Court to take judicial notice of the bond and
judgment Nisi and approached the Court with the two final
judgments.

          On cross-examination, Kubosh asked the prosecutor if he made a correct
statement when he asked the trial court for a default judgment against Kubosh. The
prosecutor replied that he misspoke when he asked for a default judgment gainst
Kubosh and clarified that the State was requesting a default judgment against Salinas,
the second surety. On re-direct and re-cross, the prosecutor clarified that the State
was dismissing the second surety and not seeking a default judgment. 
          At the conclusion of the hearing, the trial court stated that “[t]he paperwork,
the service, the judgment Nisi, the bond forfeiture, the notice had already been
properly taken care of. State moved for judgment, and I granted the same on that.” 
The court went on to state: “I think--I do think to this day that [the prosecutor] did
misspeak when he asked for a default judgment.” The trial court concluded by stating
that it found that the case was properly called and the State was and is entitled to
judgment on the bond forfeiture. 
Discussion
          In two points of error, Kubosh argues that the trial court erred in entering a
judgment in favor of the State because the evidence was insufficient and because the
State moved for a default judgment against Kubosh even though he had filed an
answer and appeared. 
          In a bail bond forfeiture, the State has the burden of proof. Deckard v. State,
605 S.W.2d 918, 921 (Tex. Crim. App. 1980). “The essential elements of the State’s
cause of action in a bond forfeiture proceeding are the bond and the judicial
declaration of the forfeiture of the bond, which is the judgment nisi.” Alvarez v.
State, 861 S.W.2d 878, 880–81 (Tex. Crim. App. 1992). While the State is generally
required to present and offer both the bond and judgment nisi into evidence, the Court
of Criminal Appeals has held that a trial court may take judicial notice of the
judgment nisi. Hokr v. State, 545 S.W.2d 463, 466 (Tex. Crim. App. 1977).
          Here, while the record does not reflect whether or not the State asked the trial
court to take judicial notice of the bonds and judgments nisi, the supplemental
reporter’s record reflects that the trial court took judicial notice of the bonds and
judgments nisi. Further, a trial court may take judicial notice of its own file at any
stage of proceedings and is presumed to have done so with or without a request from
a party. Bob Smith Bail Bonds, Sur. v. State, 963 S.W.2d 555, 556 (Tex. App.—Fort
Worth 1998, no pet.) (disagreeing with State’s concession that failure of the trial
court to take judicial notice of judgment nisi on the record amounted to insufficiency
of evidence). 
          In McCluskey v. State, 64 S.W.3d 621 (Tex. App.—Houston [1st Dist.] 2001,
no pet.), this Court considered a similar situation. In McCluskey, the appellant argued
that there was insufficient evidence to support the judgment because there was no
hearing held and, thus, no evidence presented to the court by the State. Id. at 623. 
In overruling the point of error, we held that there was sufficient evidence to uphold
the judgment because the judgment nisi and bail bond were contained in the trial
court’s records and the final judgment recited that the trial court had considered those
documents. Id. at 624 & n.3, (citing Holt Atherton Indus., Inc. v. Heine, 835 S.W.2d
80, 83 (Tex. 1992)) (holding that, because there was neither a reporter’s record nor
findings of fact and where the judgment recites that the trial court considered
“evidence,” we presume the trial court admitted two documents into evidence.); see
Mackintosh v. State, 845 S.W.2d 361, 364 (Tex. App.—Houston [1st Dist.] 1992, no
pet.) (holding that in a bond forfeiture appeal, when there is no reporter’s record, and
the appellate record contains no court reporter’s certificate that no evidence was
admitted or that no reporter’s record was made, the court will presume the evidence
supports the judgment).
          Here, the copies of the bonds and the judgments nisi are contained in the
appellate records and both final judgments stated that the trial court considered the
pleadings and evidence. Therefore, we hold that the trial court did not err in finding
sufficient evidence to grant the final judgment of forfeiture. Accordingly, we
overrule Kubosh’s first point of error.
          Moreover, we hold that Kubosh’s second point of error, in which he contends
that the trial court erred in granting the State’s default judgment, to be without merit. 
Based upon the supplemental reporter’s record and the trial court’s recollection of
what occurred at the scire facias hearing, it is clear that the prosecutor misspoke when
he requested a default judgment against Kubosh. Neither the clerk’s record nor the
reporter’s record supports Kubosh’s contention that the State intended to seek a
default judgment against him. 
          Accordingly, we overrule Kubosh’s second point of error. 
Conclusion
          We affirm the judgment of the trial court. 

                                                             George C. Hanks, Jr.
                                                             Justice
 
Panel consists of Justices Jennings, Hanks, and Higley.