**Opinion filed August 2, 2012**



In The

# Eleventh Court of Appeals

_____

## No. 11-12-00168-CV
_____

## IN THE MATTER OF THE ESTATE OF MARGARET ZELMA FRALEY, DECEASED

**On Appeal from the County Court at Law**

**Midland County, Texas**

**Trial Court Cause No. P14854**

### MEMORANDUM OPINION

On June 22, 2012, Dan Fraley filed a pro se notice of appeal from various "previous orders" of the trial court "in all hearings of the past including May 31, 2012 hearing." Upon reviewing the documents on file in this case and contacting the county clerk's office, this court wrote appellant on June 29, 2012, and informed him that the notice of appeal appeared to be untimely because the judgment was signed on November 9, 2011, 226 days prior to the filing of the notice of appeal. *See* TEX. R. APP. P. 26.1. We also noted in the letter that, according to the county clerk, the trial court had not entered any order stemming from a May 31, 2012 hearing. We requested that appellant respond and show grounds to continue the appeal, and we informed appellant that this appeal was subject to dismissal unless he responded on or before July 16, 2012. *See* TEX. R. APP. P. 42.3. Thereafter, we granted a ten-day extension on the due date for appellant's response.

Appellant has responded, asserting complaints involving the entry of the November 9, 2011 order and the May 31, 2012 hearing. With his response, appellant sent a copy of the

November 9, 2011 order approving the account for final settlement of the estate and a copy of the reporter's record from the May 31, 2012 hearing, from which there has been no written order or judgment. Appellant states that his "appeal" is based on the "hearing" of May 31.

To the extent that appellant is appealing the November 2011 order, his notice of appeal is untimely. *See* Rule 26.1. Absent a timely notice of appeal, this court is without jurisdiction to consider an appeal. *Wilkins v. Methodist Health Care Sys.*, 160 S.W.3d 559, 563 (Tex. 2005); *Garza v. Hibernia Nat'l Bank*, 227 S.W.3d 233 (Tex. App.—Houston [1st Dist.] 2007, no pet.); *see also Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997).

Although appellant's notice of appeal would have been timely from an order or judgment entered at the time of the May 31, 2012 hearing, the May 31 hearing did not result in any order or judgment. Unless specifically authorized by statute, appeals may be taken only from final judgments. *Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840–41 (Tex. 2007); *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191 (Tex. 2001). Because the trial court did not enter an order or judgment related to the May 31 hearing, we have no jurisdiction to entertain an appeal related to that hearing. Consequently, we dismiss this appeal pursuant to Rule 42.3(a).

Accordingly, the appeal is dismissed for want of jurisdiction.


PER CURIAM


August 2, 2012

Panel consists of: Wright, C.J.,
McCall, J., and Kalenak, J.