Opinion filed August 2,
2012

 

                                                                       In The

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-12-00168-CV

                                                    __________

 

                IN THE
MATTER OF THE ESTATE OF MARGARET 

                                   ZELMA
FRALEY, DECEASED



 

                                  On
Appeal from the County Court at Law

 

                                                          Midland
County, Texas

 

                                                    Trial
Court Cause No. P14854

 



 

                                            M
E M O R A N D U M   O P I N I O N

            On
June 22, 2012, Dan Fraley filed a pro se notice of appeal from various
“previous orders” of the trial court “in all hearings of the past including May
31, 2012 hearing.”  Upon reviewing the documents on file in this case and
contacting the county clerk’s office, this court wrote appellant on June 29,
2012, and informed him that the notice of appeal appeared to be untimely
because the judgment was signed on November 9, 2011, 226 days prior to the
filing of the notice of appeal.  See Tex.
R. App. P. 26.1.  We also noted in the letter that, according to the county
clerk, the trial court had not entered any order stemming from a May 31, 2012
hearing.  We requested that appellant respond and show grounds to continue the
appeal, and we informed appellant that this appeal was subject to dismissal
unless he responded on or before July 16, 2012.  See Tex. R. App. P. 42.3.  Thereafter, we
granted a ten-day extension on the due date for appellant’s response.

Appellant
has responded, asserting complaints involving the entry of the November 9, 2011
order and the May 31, 2012 hearing.  With his response, appellant sent a copy
of the November 9, 2011 order approving the account for final settlement of the
estate and a copy of the reporter’s record from the May 31, 2012 hearing, from
which there has been no written order or judgment.  Appellant states that his
“appeal” is based on the “hearing” of May 31.

To
the extent that appellant is appealing the November 2011 order, his notice of
appeal is untimely.  See Rule 26.1.  Absent a timely notice of appeal,
this court is without jurisdiction to consider an appeal.  Wilkins v.
Methodist Health Care Sys., 160 S.W.3d 559, 563 (Tex. 2005); Garza v.
Hibernia Nat’l Bank, 227 S.W.3d 233 (Tex. App.—Houston [1st Dist.] 2007, no
pet.); see also Verburgt v. Dorner, 959 S.W.2d 615, 617 (Tex. 1997).

Although
appellant’s notice of appeal would have been timely from an order or judgment
entered at the time of the May 31, 2012 hearing, the May 31 hearing did not result
in any order or judgment.  Unless specifically authorized by statute, appeals
may be taken only from final judgments.  Tex. A & M Univ. Sys. v.
Koseoglu, 233 S.W.3d 835, 840–41 (Tex. 2007); Lehmann v. Har‑Con
Corp., 39 S.W.3d 191 (Tex. 2001).  Because the trial court did not enter an
order or judgment related to the May 31 hearing, we have no jurisdiction to
entertain an appeal related to that hearing.  Consequently, we dismiss this
appeal pursuant to Rule 42.3(a).

Accordingly,
the appeal is dismissed for want of jurisdiction.

 

 

PER CURIAM

 

August 2, 2012                                                                                   

Panel consists of: Wright, C.J.,

McCall, J., and Kalenak, J.