**Opinion filed November 7, 2013**



In The

# Eleventh Court of Appeals

_____

## No. 11-13-00304-CV

_____

## IN THE INTEREST OF A.M. AND M.M., CHILDREN

**On Appeal from the 161st District Court**

**Ector County, Texas**

**Trial Court Cause No. B-3191-PC**

### M E M O R A N D U M   O P I N I O N

This is an attempted appeal from an order terminating parental rights. An appeal in a parental termination case is an accelerated appeal. TEX. FAM. CODE ANN. § 263.405(a) (West Supp. 2013); TEX. R. APP. P. 28.4. The trial court signed the order of termination on August 16, 2013. Appellant, K.M., filed her notice of appeal on October 3, 2013. In a letter dated October 11, 2013, we informed counsel for Appellant that the notice of appeal appeared to be untimely. *See* TEX. R. APP. P. 26.1, 28.1. We requested that Appellant respond and show grounds to continue the appeal. *See* TEX. R. APP. P. 42.3.

Appellate counsel has filed a response in which he asserts that the notice of appeal was timely because, after the July 23, 2013 final hearing in this case, Appellant timely filed a motion for trial de novo on July 25, 2013. *See* former TEX. FAM. CODE § 201.015 (2009).[1] Under Section 201.015(f), a de novo hearing is to be held not later than thirty days after the request. Appellant urges that the filing of her motion for trial de novo extended the deadline for filing her notice of appeal for "the statutory 75 days allowed for the court to set a hearing" under TEX. R. APP. P. 21.6 and 21.8 (rules that relate to motions for new trial).[2]

However, neither a motion for new trial nor a request for findings of fact and conclusions of law extends the time for perfecting an *accelerated* appeal. TEX. R. APP. P. 28.1(b); *In re K.A.F.*, 160 S.W.3d 923 (Tex. 2005) (holding that postjudgment motion did not extend deadline to file notice of appeal in a parental termination case). Because this is an accelerated appeal, Appellant's notice of appeal was due within twenty days after the order was signed, which would have been September 5, 2013. TEX. R. APP. P. 26.1(b). Even with the fifteen-day extension allowed by TEX. R. APP. P. 26.3, the time for filing the notice of appeal in this case had already expired when Appellant filed her notice of appeal.

Absent a timely notice of appeal, this court is without jurisdiction to consider an appeal. *Wilkins v. Methodist Health Care Sys.*, 160 S.W.3d 559, 563 (Tex. 2005); *Garza v. Hibernia Nat'l Bank*, 227 S.W.3d 233 (Tex. App.—Houston [1st Dist.] 2007, no pet.); *see also Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). Appellant asserts in her response that the failure to allow her appeal to

---

[1]This section was amended effective September 1, 2013, to shorten the time in which to request a de novo hearing from seven working days to three working days after the party receives notice of the substance of the associated judge's report. FAM. § 201.015(a) (West. Supp. 2013).

[2]We note that TEX. R. APP. P. 21 relates to new trials in criminal cases only but that TEX. R. CIV. P. 329b, which applies in civil cases, also contains a 75-day provision relating to the time in which a trial court may act on a timely filed motion for new trial.

proceed would constitute a violation of her due process rights. We have no jurisdiction in this case and are therefore unable to address Appellant's due process contention. Pursuant to TEX. R. APP. P. 2, we are prohibited from suspending the Rules of Appellate Procedure "to alter the time for perfecting an appeal in a civil case." We dismiss this appeal in accordance with TEX. R. APP. P. 42.3(a).

The appeal is dismissed for want of jurisdiction.

PER CURIAM

November 7, 2013

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.