

# NUMBER 13-14-00518-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

CHARLIE O. BURNETT III,                                    Appellant,

v.

DRO IP, LTD.,                                             Appellee,

### On appeal from the County Court at Law No. 5
### of Nueces County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodiguez, Benavides, and Perkes
### Memorandum Opinion Per Curiam

Appellant, Charlie O. Burnett III, attempted to perfect an appeal from a judgment entered by the County Court at Law No. 5 of Nueces County, Texas, in cause number 2014-CCV-60675-5.  Judgment in this cause was signed on April 16, 2014.  A motion for new trial was filed on May 15, 2014.  Appellant filed a notice of appeal on August 5,

2014.[1]  The notice of appeal states the appeal is from the trial court's order overruling the motion for new trial signed on July 7, 2014.

Texas Rule of Appellate Procedure 26.1 provides that an appeal is perfected when notice of appeal is filed within thirty days after the judgment is signed, unless a motion for new trial is timely filed.  TEX. R. APP. P. 26.1(a)(1).  Where a timely motion for new trial has been filed, notice of appeal shall be filed within ninety days after the judgment is signed.  TEX. R. APP. P. 26.1(a).

A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by rule 26.1, but within the fifteen-day grace period provided by rule 26.3 for filing a motion for extension of time. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617-18, 619 (1997) (construing the predecessor to Rule 26).  However, appellant must provide a reasonable explanation for the late filing: it is not enough to simply file a notice of appeal.  *Id.*; *Woodard v. Higgins*, 140 S.W.3d 462, 462 (Tex. App.—Amarillo 2004, no pet.); *In re B.G.*, 104 S.W.3d 565, 567 (Tex. App.—Waco 2002, no pet.).

Pursuant to Texas Rule of Appellate Procedure 26.1, appellant's notice of appeal was due on July 15, 2014, but was not filed until August 5, 2014.  On September 16, 2014, the Clerk of this Court notified appellant of this defect so that steps could be taken to correct the defect, if it could be done.  Appellant was advised that, if the defect was not corrected within ten days from the date of receipt of this Court's letter, the appeal would be dismissed.  Appellant responded, stating "Rule 4.3(a) determined that the July

---

[1] Appellant filed an amended notice of appeal with this Court on September 12, 2014.

2

7, 2014 County Court's order restarted the beginning date of the County Court's plenary power. My August 5, 2014 filing of the Notice of Appeal was well within the plenary power of the County Court and was therefore timely filed."

A trial court's denial of a motion for new trial does not extend the appellate timetable beyond the 90 days set forth in rule 26.1. *See* Garza v. Hibernia Nat'l Bank, 227 S.W.3d 233, 233 nn.1-2 (Tex.App.—Houston [1st Dist.] 2007, no pet.). Although appellant has responded with an explanation regarding his late filing of the notice of appeal, the deadline for filing the notice of appeal does not run from the date of the denial of the motion for new trial, but rather from the date of the judgment. Appellant's notice of appeal was filed beyond the fifteen-day grace period provided by rule 26.3.

The Court, having examined and fully considered the documents on file and appellant's failure to timely perfect his appeal, is of the opinion that the appeal should be dismissed for want of jurisdiction. Accordingly, the appeal is hereby DISMISSED FOR WANT OF JURISDICTION. *See* TEX. R. APP. P. 42.3(a).

PER CURIAM

Delivered and filed the
2nd day of October, 2014.

3