**Opinion filed October 2, 2014**



## In The

# Eleventh Court of Appeals

_____

## No. 11-14-00190-CV

_____

## IN THE MATTER OF THE ESTATE OF
## MARGARET ZELMA FRALEY, DECEASED

**On Appeal from the County Court at Law**
**Midland County, Texas**
**Trial Court Cause No. P14854**

### M E M O R A N D U M   O P I N I O N

Appellant, Daniel Fraley, filed a pro se notice of appeal in this court in July 2014. Attached to the notice of appeal was a 2007 trial court order approving the inventory. In his appeal, Appellant complains that there are many problems with the probate proceedings in the trial court. Appellant noted that this is his second appeal regarding this matter[1] and that the present appeal was filed within thirty

---

[1]We note that Appellant previously filed an untimely appeal in this matter in 2012; this court dismissed the previous appeal for want of jurisdiction. *See In re Estate of Fraley*, No. 11-12-00168-CV, 2012 WL 3135527 (Tex. App.—Eastland Aug. 2, 2012, no pet.) (mem. op.). In the previous appeal, Appellant sought to appeal from a May 2012 hearing and a November 2011 order approving the account for final settlement of the estate.

days of the trial court's last "ORDER OF NO MORE HEARINGS OR A DISCOVERY ACTIONS [sic]." Upon docketing this case, the clerk of this court issued a letter dated July 17, 2014, in which we requested that Appellant provide this court with a copy of the order or judgment that is being appealed. Appellant responded that he could not provide a copy of an order, just his statement of facts and transcripts from the first appeal. Appellant also complained of the trial court's refusal to permit Appellant to have a discovery hearing and of fraud related to the probate. Appellant stated that the trial court informed Appellant that the probate was over and that no hearing could be set.

On September 8, 2014, this court notified Appellant by letter that it did not appear that he was appealing from a final, appealable order. We requested that Appellant provide a response showing grounds to continue this appeal, and we notified Appellant that the appeal may be dismissed pursuant to TEX. R. APP. P. 42. Appellant has filed a response to our September letter, but he has failed to show grounds to continue. In his response, Appellant complained of various problems related to the probate of his mother's will. However, he pointed to nothing over which this court has jurisdiction.

To the extent that Appellant is attempting to appeal the 2007 order, his notice of appeal is untimely. *See* TEX. R. APP. P. 26.1. Absent a timely notice of appeal, this court is without jurisdiction to consider an appeal. *Wilkins v. Methodist Health Care Sys.*, 160 S.W.3d 559, 563 (Tex. 2005); *Garza v. Hibernia Nat'l Bank*, 227 S.W.3d 233 (Tex. App.—Houston [1st Dist.] 2007, no pet.); *see also Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). To the extent that Appellant is attempting to appeal from a trial court order that no further hearings or discovery may be conducted in this case, he has not provided this court with any such order. Furthermore, this court would not have jurisdiction over that order because, unless specifically authorized by statute, appeals may be taken only from

2

final judgments.  *Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840–41 (Tex. 2007); *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191 (Tex. 2001).  We have no jurisdiction to entertain an appeal in this case, and we dismiss this appeal pursuant to TEX. R. APP. P. 42.3(a).

Accordingly, the appeal is dismissed for want of jurisdiction.

PER CURIAM

October 2, 2014

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

3