**Araceli GARZA a/k/a Araceli Rodriguez, Appellant,**

v.

**HIBERNIA NATIONAL BANK, Appellee.**

No. 01–06–00671–CV.

Court of Appeals of Texas, Houston (1st Dist.).

March 8, 2007.

Michael L. Landrum, O'Donnell, Ferebee, Medley & Keiser, PC, Houston, TX, for appellant.

Ted L. Walker, The Walker Firm, Houston, TX, for appellee.

Panel consists of Justices NUCHIA, KEYES, and HIGLEY.

## OPINION

SAM NUCHIA, Justice.

Appellee has filed a motion to dismiss this appeal for lack of jurisdiction. On March 24, 2006, the trial court signed the final judgment. Appellant filed a timely motion for new trial, which was overruled by operation of law on June 7, 2006. The trial court held a hearing and denied the motion on June 26, 2006.[1] Appellant filed his notice of appeal on July 20, 2006, 118 days after the judgment was signed.

If a party files a motion for new trial, a notice of appeal must be filed within 90 days after the judgment is signed. TEX. R.APP. P. 26.1. The timely filing of a notice of appeal invokes the jurisdiction of the court of appeals. TEX.R.APP. P. 25.1. Therefore, if the notice of appeal is not timely filed, the court of appeals is without jurisdiction to consider the appeal. A court of appeals may extend the time to file a notice of appeal if, within 15 days after the deadline for filing the notice, the party (1) files in the trial court the notice of appeal and (2) files in the court of appeals a motion complying with rule 10.5(b) to extend the time to file the motion. TEX.R.APP. P. 26.3, 10.5(b).[2]

---

1. At the time of the hearing, the trial court still had plenary jurisdiction, which expired on July 7, 2006, and could have granted a new trial. TEX.R. CIV. P. 329b(e). However, the trial court's denial of the motion did not extend the time for filing a notice of appeal beyond the 90–day deadline. See TEX.R.APP. P. 26.1.

2. This rule has been modified by *Verburgt v. Dorner,* 959 S.W.2d 615 (Tex.1997). In *Verburgt,* the supreme court held that an appeal bond filed within the 15–day grace period implied a motion to extend the time to file the bond. *Id.* at 617. This Court has applied *Verburgt* to notices of appeal. *See, e.g., McCluskey v. State,* 64 S.W.3d 621, 623 (Tex. App.-Houston [1st Dist.] 2001, no pet.). Because appellant's notice of appeal was filed more than 15 days after the date on which it was due, the *Verburgt* rule does not apply to this case.

Appellant's deadline for filing his notice of appeal was June 22, 2006. His deadline for filing a motion to extend the time to file a notice of appeal was July 7, 2006. Appellant's notice of appeal was filed 28 days late. In his November 8, 2006 response to appellee's motion to dismiss, appellant requested an extension of time for filing his notice of appeal. However, this request was filed approximately four months after the July 7 deadline for such a request. Therefore, we may not grant an extension of time to file the notice of appeal.

Because appellant's notice of appeal and his request for an extension of time were not timely filed, we have no jurisdiction to consider this appeal. Therefore, we grant appellee's motion. Accordingly, the appeal is dismissed for lack of jurisdiction. All other pending motions are overruled as moot.