Opinion issued August 28, 2008.








 






In The

Court of Appeals

For The

First District of Texas






NO. 01-08-00488-CV






FELICIA WILLIAMSON, INDIVIDUALLY AND AS REPRESENTATIVE OF
THE ESTATE OF ROBERT BONNEY AND KENNETH DILLINGHAM,
Appellant


V.


SHENANDOAH APARTMENTS AND WINDSWEPT PORTFOLIO LLC., ET
AL., Appellees






On Appeal from the 61st District Court

Harris County, Texas

Trial Court Cause No. 2006-01556






MEMORANDUM OPINION


 We lack jurisdiction to hear this appeal. Appellant's notice of appeal in this
case was due on May 22, 2008. Appellant filed her notice of appeal on June 9, 2008. 
Even taking into account the extra time allowed by Rule 26.3 of the Texas Rules of
Appellate Procedure, Appellant's notice of appeal is untimely. See Tex. R. App. P.
26.3.

 Appellee has filed a motion to dismiss this appeal for want of jurisdiction. 
Appellant's response to that motion argues that the period for calculating the deadline
for her notice of appeal ran from the date that the trial court denied her motion for
new trial, or alternatively, that Appellant's counsel believed that to be the case. 
Appellant's argument is directly contradicted by both the Rules of Appellate
Procedure and case law. Under Rule 26.1(a)(1), if a motion for new trial is timely
filed, the notice of appeal must be filed within 90 days after the judgment is signed. 
See Tex. R. App. P. 26.1(a)(1)). Rule 26.3 allows additional time to file a notice of
appeal, so long as the notice is filed within 15 days after the deadlines set forth in
Rule 26.1. Tex. R. App. P. 26.3 (allowing for an extension of time); see also Verburgt
v. Dorner, 959 S.W.2d 615, 617 (Tex. 1997) (holding that a motion for extension of
time is "necessarily implied" when an appellant acting in good faith files a late notice
of appeal within the 15-day period of Rule 26.1). However, Appellant's notice of
appeal was outside the 15-day window allowed by Rule 26.3, and the trial court's
denial of her motion for new trial did not extend the appellate timetable beyond the
90 days set forth in Rule 26.1. See Garza v. Hibernia Nat. Bank, 227 S.W.3d 233, n.1
and n.2 (Tex. App.--Houston [1st Dist.] 2007, no pet.)(the denial of a motion for new
trial does not extend the appellate deadlines, and where a notice of appeal is filed
more than 15 days after the date it was due, Verburgt does not apply).

 Because the notice of appeal in this case was not filed within the time allowed
by the Texas Rules of Appellate Procedure, we dismiss this appeal for lack of
jurisdiction. 

 Any pending motions are denied as moot.

PER CURIAM


Panel consists of Justices Nuchia, Alcala, and Hanks.