NO. 07-09-0256-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 25, 2009
______________________________

WESTRIDGE APARTMENTS, APPELLANT

V.

PAULINA GOMEZ AND ALBERT MADRID, APPELLEES
_________________________________

FROM THE COUNTY COURT AT LAW #3 OF LUBBOCK COUNTY;

NO. 2008-562,232; HONORABLE JUDY C. PARKER, JUDGE
_______________________________


Before CAMPBELL and HANCOCK and PIRTLE, JJ.
MEMORANDUM OPINION
          Appellant, Westridge Apartments, appeals a judgment that awards appellees,
Paulina Gomez and Albert Madrid, $46,546.33, minus a $1,350 credit in favor of
Westridge, and the denial of Westridge’s Motion for New Trial. We dismiss for lack of
jurisdiction.
 
 
Background
          On January 22, 2009, the trial court signed the Final Judgment from which
Westridge appeals. On February 23, 2009, Westridge timely filed a Motion for New Trial. 
On April 14, 2009, the trial court entered an order denying Westridge’s motion for new trial. 
According to Westridge, it did not receive notice of the trial court’s order denying the
motion for new trial until July 7, 2009. Westridge then filed its notice of appeal on July 14,
2009.
          Pursuant to Texas Rule of Appellate Procedure 42.3,


 we notified Westridge that its
notice of appeal appears to have been untimely filed and we directed Westridge to file a
written response explaining why this Court has jurisdiction over this appeal on or before
August 17, 2009. Westridge filed a response on August 14, 2009.
Appeal of the Judgment
          Under TRAP 26.1(a)(1), if a motion for new trial is timely filed, the notice of appeal
must be filed within 90 days after the date judgment was signed. Additional time to file a
notice of appeal is allowed so long as the notice is filed within 15 days after the applicable
deadline under TRAP 26.1. See TRAP 26.3 (allowing an extension of time); Verburgt v.
Dorner, 959 S.W.2d 615, 617 (Tex. 1997) (holding that a motion for extension of time is
“necessarily implied” when an appellant, acting in good faith, files a late notice of appeal
within the 15 day period of TRAP 26.3). However, a trial court’s denial of a motion for new
trial does not extend the appellate timetable beyond the 90 days set forth in TRAP 26.1. 
See Garza v. Hibernia Nat’l Bank, 227 S.W.3d 233, 233 nn.1-2 (Tex.App.–Houston [1st
Dist.] 2007, no pet.) (denial of a motion for new trial does not extend appellate deadlines
and, where notice of appeal is filed more than 15 days after it was due, the Verburgt rule
does not apply).
          In the present case, Westridge filed its notice of appeal 170 days after the judgment
appealed from was signed. Because Westridge’s notice of appeal of the judgment was not
filed within the time allowed by the Texas Rules of Appellate Procedure, we are without
jurisdiction to consider any appellate issue relating to the trial court’s January 22, 2009,
Final Judgment.
Appeal of the Denial of Westridge’s Motion for New Trial
          The denial of a motion for new trial is an appealable order. See Strackbein v.
Prewitt, 671 S.W.2d 37, 38 (Tex.1984). However, TRAP 26.1 establishes the deadline for
filing a notice of appeal based on the date that the judgment was signed. The denial of a
motion for new trial, being dependent upon the entry of the final judgment, must be
appealed in the same manner as the final judgment is appealed. See TRAP 26.1; Powell
v. Linh Nutrition Programs, Inc., No. 01-03-00919-CV, 2005 Tex.App. LEXIS 1317, at *2
(Tex.App.–Houston [1st Dist.] 2005, no pet.) (deadline for filing notice of appeal runs from
date final judgment is signed and not from date motion for new trial is denied, even if the
appeal is directed toward the denial of the motion for new trial). 
          Thus, because Westridge’s notice of appeal of the judgment was untimely filed,
Westridge’s notice of appeal of the denial of its motion for new trial is, likewise, untimely
filed and does not invoke this Court’s jurisdiction.
          Westridge contends that it did not receive notice of the trial court’s denial of its
motion for new trial until July 7, 2009, and, under Texas Rule of Civil Procedure 306a.4,
its deadline to file notice of appeal of the denial began on that date. However, under Texas
Rule of Civil Procedure 329b(c), Westridge’s motion for new trial was overruled by
operation of law on April 7, 2009. See Tex. R. Civ. P. 329b(c) (if motion for new trial not
determined by written order signed within 75 days after the judgment is signed, the motion
shall be considered overruled by operation of law). Thus, Westridge had actual notice that
its motion had been overruled on April 7, 2009 and, therefore, its notice of appeal was
untimely filed.
Conclusion
          Because Westridge did not timely file its notice of appeal, our jurisdiction has not
been invoked and we must dismiss this appeal. TRAP 42.3(a).




                                                                           Mackey K. Hancock

                                                                                   Justice