



# MEMORANDUM OPINION

No. 04-11-00592-CV

Karen **WILSON**,
Appellant

v.

**BEXAR COUNTY SHERIFF'S CIVIL SERVICE COMMISSION**,
Roland Tafolla, Sheriff, Bexar County Sheriff's Office and Bexar County, Texas,
Appellees

From the 288th Judicial District Court, Bexar County, Texas
Trial Court No. 2008-CI-05821
Honorable Dick Alcala, Judge Presiding

PER CURIAM

Sitting:     Sandee Bryan Marion, Justice
             Phylis J. Speedlin, Justice
             Rebecca Simmons, Justice

Delivered and Filed:  September 14, 2011

DISMISSED FOR LACK OF JURISDICTION

Jurisdiction vests with this court when a party perfects its appeal by timely filing a notice

of appeal in compliance with Texas Rule of Appellate Procedure 26.1.  TEX. R. APP. P. 25.1; *see*

*Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997).  Therefore, if the notice of appeal is not

timely filed, the court of appeals is without jurisdiction to consider the appeal.  A notice of

appeal must be filed within thirty days after the judgment is signed.  TEX. R. APP. P. 26.1.  If a

timely motion for new trial is filed, a notice of appeal must be filed within ninety days after the

judgment is signed. TEX. R. APP. P. 26.1(a)(1). A court of appeals may extend the time to file a notice of appeal if, within fifteen days after the deadline for filing the notice, the party (1) files in the trial court the notice of appeal and (2) files in the court of appeals a motion complying with Rule 10.5(b) to extend the time to file the motion. TEX. R. APP. P. 26.3, 10.5(b).

In this case, the trial court signed a final judgment on March 4, 2011. The motion for new trial was due on April 4, 2011, and was timely filed. TEX. R. CIV. P. 329b(a). Because appellant timely filed her motion for new trial, the notice of appeal was due ninety days from the date of the judgment, on June 2, 2011. *See* TEX. R. APP. P. 26.1(a)(1). Appellant filed her notice of appeal on June 30, 2011. A motion for extension of time in which to file the notice of appeal was due on June 17, 2011, but was not filed until August 26, 2011, after this court issued a show cause order.[1] *See* TEX. R. APP. P. 26.3.

The Texas Supreme Court has mandated that we construe the requirements of the Rules of Appellate Procedure reasonably and liberally so that the right to appeal is not lost by imposing requirements not necessary to effect the purpose of a given rule. *Verburgt*, 959 S.W.2d at 616-17. Nevertheless, we may not "alter the time for perfecting an appeal in a civil case" and must dismiss appeals that are not timely perfected. *See* TEX. R. APP. P. 2. Because neither the notice of appeal nor the motion for extension of time was timely filed, we must dismiss this appeal. *See Verburgt*, 959 S.W.2d at 617 ("Our holding does not indefinitely extend the time in which parties may perfect an appeal . . . . Instead, once the period for granting a motion for extension of time . . . has passed, a party can no longer invoke the appellate court's jurisdiction. It also does not alter the time for perfecting an appeal beyond the period authorized by [Rule 26.1]."); *Garza v. Hibernia Nat'l Bank*, 227 S.W.3d 233, 234 (Tex. App.—Houston [1st Dist.] 2007, no pet.)

---

[1] On August 15, 2011, this court ordered appellant to show cause why this appeal should not be dismissed for lack of jurisdiction. Appellant responded and filed a motion for extension of time in which to file her notice of appeal.

(holding that because appellant's notice of appeal was filed more than fifteen days after the date on which it was due, appellate court did not have jurisdiction to consider appeal).

Accordingly, appellant's motion for extension of time in which to file the notice of appeal is denied and this appeal is dismissed for lack of jurisdiction.


PER CURIAM