**Opinion filed February 28, 2013**



In The

# Eleventh Court of Appeals

_____

## No. 11-13-00037-CV

_____

## IN THE INTEREST OF J.M., S.M., A.M., AND Z.M., CHILDREN

**On Appeal from the County Court at Law**

**Nolan County, Texas**

**Trial Court Cause No. CC-6358**

### M E M O R A N D U M   O P I N I O N

This is an attempted appeal from a "child protection case" under TEX. R. APP. P. 28.4. On November 19, 2012, the trial court signed a final order affecting the parent-child relationship. In that order, the trial court placed the children in the home of their grandparents, appointed the Department of Family and Protective Services as the children's managing conservator, and awarded possessory conservatorship to both of the children's parents. A motion for new trial was filed on December 13, 2012. On January 17, 2013, the children's mother, Appellant, signed an affidavit requesting a court-appointed attorney, and an attorney was appointed for appeal on January 30, 2013. Appellate counsel filed a notice of appeal on behalf of Appellant on February 6, 2013. Upon reviewing the documents on file in this case, this court wrote counsel on February 11, 2013, and informed him that the notice of appeal appeared to be untimely. *See*

TEX. R. APP. P. 26.1, 28.1. We requested that Appellant respond and show grounds to continue the appeal. *See* TEX. R. APP. P. 42.3.

Appellate counsel has filed a response and agrees that the notice of appeal was not timely filed. Because this is an accelerated appeal under Rule 28.4, Appellant's notice of appeal was due within twenty days after the order was signed, which would have been December 10, 2012. Rule 26.1(b). Neither a motion for new trial nor a request for findings of fact and conclusions of law extends the time for perfecting an accelerated appeal. Rule 28.1(b). Thus, even with the fifteen-day extension allowed by TEX. R. APP. P. 26.3, the time for filing the notice of appeal in this case had already expired by the time that appellate counsel was requested and appointed.

Absent a timely notice of appeal, this court is without jurisdiction to consider an appeal. *Wilkins v. Methodist Health Care Sys.*, 160 S.W.3d 559, 563 (Tex. 2005); *Garza v. Hibernia Nat'l Bank*, 227 S.W.3d 233 (Tex. App.—Houston [1st Dist.] 2007, no pet.); *see also Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). Consequently, we dismiss this appeal pursuant to Rule 42.3(a). Furthermore, we cannot consider a motion for an out-of-time appeal under these circumstances. TEX. R. APP. P. 2 allows for suspension of the rules, but it specifically provides that "a court must not construe this rule . . . to alter the time for perfecting an appeal in a civil case."

The appeal is dismissed for want of jurisdiction.

PER CURIAM

February 28, 2013

Panel consists of: Wright, C.J.,
McCall, J., and Willson, J.