

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-13-00105-CV

ELIZABETH HOLLIER, Appellant

V.

ERNEST SIDNEY WHITE, Appellee

On Appeal from the 62nd District Court
Lamar County, Texas
Trial Court No. 79061

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

## MEMORANDUM OPINION

Elizabeth Hollier appeals a final judgment that was signed in this cause of action on May 29, 2013, but was not filed until July 15, 2013. Hollier filed a motion for new trial on July 26, 2013.[1] A timely motion for new trial extends the deadline for filing a notice of appeal to "90 days after the judgment is signed." TEX. R. APP. P. 26.1(a)(1). That deadline expired on August 27, 2013. Hollier did not file her notice of appeal until October 7, 2013.[2]

In accord with Rule 42.3 of the Texas Rules of Appellate Procedure, we provided notice to Hollier, requesting that she show this Court how we had jurisdiction over this appeal. *See* TEX. R. APP. P. 42.3. In response, Hollier provided this Court with a supplemental record containing a July 12, 2013, e-mail written by the trial judge notifying appellee's counsel that the signed judgment had not yet been filed. We have received Hollier's response and considered it. However, because the Texas Rules of Appellate Procedure provide that the deadlines are calculated from the date the judgment is signed, we do not find it to be persuasive.[3] TEX. R. APP. P. 26.1.

---

[1]The notice of appeal must be filed "within 30 days after the judgment is signed." TEX. R. APP. P. 26.1.

[2]The motion for new trial was denied on September 9, 2013. "However, a trial court's denial of a motion for new trial does not extend the appellate timetable beyond the 90 days set forth in TRAP 26.1." *Westridge Apartments v. Gomez*, No. 07-09-0256-CV, 2009 WL 2601610, at *1 (Tex. App.—Amarillo Aug. 25, 2009, no pet.) (mem. op.) (citing *Garza v. Hibernia Nat'l Bank*, 227 S.W.3d 233, 233 nn.1–2 (Tex. App.—Houston [1st Dist.] 2007, no pet.)); *see Williamson v. Shenandoah Apartments*, No. 01-08-00488-CV, 2008 WL 4006976, at *1 (Tex. App.—Houston [1st Dist.] Aug. 28, 2008, no pet.) (mem. op.) (per curiam).

[3]Even assuming that Hollier first discovered the existence of a signed judgment on July 15, 2013, this left her with a considerable amount of time within which to file a timely notice of appeal.

We dismiss this appeal for want of jurisdiction.


Bailey C. Moseley
Justice

Date Submitted:     December 2, 2013
Date Decided:       December 3, 2013