**Opinion filed March 20, 2014**



In The

# Eleventh Court of Appeals

_____

## No. 11-14-00017-CV

_____

## IN THE INTEREST OF F.M.W. AND A.J.W., CHILDREN

**On Appeal from the 161st District Court**
**Ector County, Texas**
**Trial Court Cause No. B-134,623**

### M E M O R A N D U M   O P I N I O N

Chelsie Chavez attempts to appeal an order in a suit affecting the parent-child relationship. Chavez's attorney filed a request in this court asking to be allowed to "refile" the notice of appeal so that her client may go forward with an appeal in this matter. Chavez's attorney stated that she timely delivered a notice of appeal to the district clerk's office but that the district clerk's office "does not even show having any copies of the Notice of Appeal in their possession or on file." Upon filing Chavez's request in this court, which we also deemed to be an untimely original notice of appeal, the clerk of this court wrote the parties and

informed them that, pursuant to TEX. R. APP. P. 34.5(e), the parties may, by written stipulation, deliver a copy of the lost notice of appeal to the trial court clerk for inclusion in the clerk's record. We requested that the parties file a response in this court regarding any stipulation as to the filing of a lost notice of appeal. The parties have responded, but they have not reached an agreement as to any stipulation. We dismiss the appeal for want of jurisdiction pursuant to TEX. R. APP. P. 42.3(a).

Chavez's position, as indicated in her response, is that the original notice of appeal was accidentally lost or misplaced by someone in the district clerk's office and, inadvertently, was never filed. However, as indicated in the responses of both parties, a stipulation on this matter could not be reached by the parties. Appellee stated in his response that he "has *still* not received a copy of any alleged Notice of Appeal" and that he "is unwilling to stipulate, agree, or otherwise concede that Appellant ever filed a Notice of Appeal in this cause. Appellee is further unwilling to stipulate that the Ector County District Clerk's office lost a Notice of Appeal in this cause." We note also that the trial court denied Chavez's motion to declare a lost instrument.

The documents on file in this case show that, on August 23, 2013, the trial court signed the order from which Chavez attempts to appeal. Chavez timely filed a motion for new trial on September 20, 2013. The notice of appeal was due to be filed within ninety days after the order was signed: November 21, 2013. *See* TEX. R. APP. P. 26.1(a)(1). This court filed Chavez's request/notice of appeal on December 31, 2013, well after the deadline for filing a notice of appeal or a motion for an extension of time to file a notice of appeal. *See* TEX. R. APP. P. 26.3. Absent a timely notice of appeal, this court is without jurisdiction to consider this appeal. *See Wilkins v. Methodist Health Care Sys.*, 160 S.W.3d 559, 563 (Tex.

2005); *Garza v. Hibernia Nat'l Bank*, 227 S.W.3d 233 (Tex. App.—Houston [1st Dist.] 2007, no pet.); *see also Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997).

We dismiss this appeal for want of jurisdiction.

PER CURIAM

March 20, 2014

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.