**DISMISS; and Opinion Filed August 18, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00716-CV

### JOSE SYLVESTERE LOPEZ, Appellant
### V.
### CLAUDIA LOPEZ, Appellee

**On Appeal from the 255th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-11-05531-S**

## MEMORANDUM OPINION

Before Justices Moseley, Francis, and Lang
Opinion by Justice Lang

By notice of appeal dated April 26, 2013, Jose Sylvestere Lopez, appearing pro se, challenges a September 12, 2011 final decree of divorce, dissolving his marriage to Claudia O. Medellin, formerly Claudia Lopez, and dividing their property. Because the notice of appeal was filed outside any time frames listed in Texas Rule of Appellate Procedure 26, which governs the time to perfect appeals, we directed Lopez and Medellin to file letter briefs explaining how the Court has jurisdiction over this appeal. TEX. R. APP. P. 26.1, 26.3. Lopez filed a jurisdictional letter brief claiming he first received notice or acquired actual knowledge of the divorce decree in April 2013.

Our jurisdiction is invoked upon the timely filing of a notice of appeal from a final judgment. *Lehman v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *Garza v. Hibernia Nat'l Bank*, 227 S.W.3d 233, 233 (Tex. App.—Houston [1st Dist.] 2007, no pet.). Generally, the

deadline to file a notice of appeal runs from the date of judgment. *See* TEX. R. APP. P. 26.1, 4.2 (providing that if notice of judgment is not received within twenty days after judgment is signed, deadline runs from date notice is received, but no later than ninety days from signing of judgment). Rule 26.1 provides four time frames for filing a notice of appeal. *See id.* 26.1. These time frames are based on the type of judgment or order being appealed and range from twenty days in an accelerated appeal to six months in a restricted appeal. *See id.* Additionally, rule 26.3 provides for one fifteen-day extension of time. *See id.* 26.3.

Based on the time frames listed in rule 26, the notice of appeal here, filed almost two years after the complained-of judgment, is untimely and fails to invoke our jurisdiction. *See Garza*, 227 S.W.3d 233. Accordingly, this appeal is dismissed. See TEX. R. APP. P. 42.3(a).

/Douglas S. Lang/
DOUGLAS S. LANG
130716F.P05                                              JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JOSE SYLVESTERE LOPEZ, Appellant

No. 05-13-00716-CV     V.

CLAUDIA LOPEZ, Appellee

On Appeal from the 255th Judicial District Court, Dallas County, Texas
Trial Court Cause No. DF-11-05531-S.
Opinion delivered by Justice Lang. Justices Moseley and Francis participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED** for want of jurisdiction.

It is **ORDERED** that appellee CLAUDIA LOPEZ recover her costs of this appeal from appellant JOSE SYLVESTERE LOPEZ.

Judgment entered this 18th day of August, 2014.