**Order entered October 23, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

---

### No. 05-14-01317-CV

---

**RICKEY WAYNE TOLBERT, Appellant**

**V.**

**GEORGE A. OTSTOTT, Appellee**

---

**On Appeal from the County Court At Law No. 1**
**Kaufman County, Texas**
**Trial Court Cause No. 89868-CC**

---

## ORDER

Before the Court is appellant's motion for leave to file second appeal. From a review of the documents attached to the motion, it appears appellant first filed a notice of appeal with the Waco Court of Appeals on August 14, 2014. That appeal was dismissed for want of jurisdiction September 11, 2014. *See* No. 10-14-00240-CV, 2014 WL 4635706 (Tex. App.—Waco Sept. 11, 2014, no pet. h.) (mem. op.). Appellant then filed his notice of appeal in this Court, along with his motion for leave, on September 29, 2014. However, neither the opinion dismissing the appeal in the Waco Court of Appeals nor the notice of appeal filed in this Court state the date of the appealed judgment or whether a motion for new trial or motion to modify judgment was timely filed. These dates are necessary to determine whether the notice of appeal filed in this Court is timely, we have jurisdiction over the appeal, and appellant's motion for leave should be

granted. *See* TEX. R. APP. P. 25.1(b), 26.1. Accordingly, we requested a copy of the trial court's docket sheet. The docket sheet we received from the trial court clerk reflects the judgment was signed July 11, 2014 and no motion for new trial or motion to modify judgment was filed. Given that date and the lack of a post-judgment motion, the notice of appeal needed to be filed in this Court no later than August 10, 2014 to be timely under rule of appellate procedure 26.1 and confer jurisdiction. *See id.* 25.1(b), 26.1; *Garza v. Hibernia Nat'l Bank*, 227 S.W.3d 233, 233 (Tex. App.—Houston [1st Dist.] 2007, no pet.).

Because the notice of appeal filed in this Court was filed after August 10th, it appears untimely and it appears we lack jurisdiction over the appeal and should deny the motion. Pursuant to rule of appellate procedure 42.3, we **ORDER** appellant to file a letter brief addressing the timeliness of the notice of appeal no later than November 3, 2014. *See* TEX. R. APP. P. 42.3. Appellee may file a response within ten days of appellant's letter brief. If any party relies on documents not before the Court, that party must obtain a clerk's record containing that documentation.

Once the Court has received the letter brief(s), the Court will either (1) grant the motion for leave and notify the parties of any pending deadlines or (2) deny the motion and dismiss the appeal for want of jurisdiction. Appellant is cautioned that failure to file the letter brief may result in dismissal of the appeal without further notice.

/s/    ADA BROWN
          JUSTICE