**Opinion filed June 5, 2015**



In The

# Eleventh Court of Appeals

———————

## No. 11-15-00100-CV

———————

## CLEVELAND THOMAS AND $832.82 U.S. CURRENCY, Appellants

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 39th District Court**

**Haskell County, Texas**

**Trial Court Cause No. 11,891**

## M E M O R A N D U M   O P I N I O N

Cleveland Thomas filed an untimely notice of appeal. On April 30, 2015, the clerk of this court notified Thomas that his notice of appeal was not timely filed, and we requested that Thomas respond and show grounds to continue the appeal. We informed Thomas that the appeal was subject to dismissal for want of jurisdiction.

Thomas filed a response as requested but has not shown grounds upon which this court can continue the appeal.[1]

The documents on file in this case show that, on November 13, 2014, the trial court signed the forfeiture judgment from which Thomas appeals.  The notice of appeal was due to be filed on or before December 15, 2014.  *See* TEX. R. APP. P. 26.1.  Thomas's notice of appeal was filed in the trial court on April 15, 2015—153 days after the judgment was signed and well after the deadline for filing a notice of appeal or a motion for an extension of time to file a notice of appeal.  *See* TEX. R. APP. P. 26.3.  Absent a timely notice of appeal, this court is without jurisdiction to consider this appeal.  *See Wilkins v. Methodist Health Care Sys.*, 160 S.W.3d 559, 564 (Tex. 2005); *Garza v. Hibernia Nat'l Bank*, 227 S.W.3d 233 (Tex. App.—Houston [1st Dist.] 2007, no pet.); *see also Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997).  Because we are without jurisdiction, we dismiss the appeal.  *See* TEX. R. APP. P. 42.3(a).

This appeal is dismissed for want of jurisdiction.

PER CURIAM

June 5, 2015

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

---

[1]In his response, Thomas asks this court to allow him "the time needed."  However, this court is not permitted to "alter the time for perfecting an appeal in a civil case."  TEX. R. APP. P. 2.  We also note that courts "may not enlarge the period for taking any action under the rules relating to new trials except as stated in these rules."  TEX. R. CIV. P. 5.