**Opinion filed October 6, 2016**



In The

# Eleventh Court of Appeals

_____

## No. 11-16-00263-CV
_____

## DANIEL FRANKLIN, Appellant

## V.

## CRYSTAL REYES ET AL., Appellees

**On Appeal from the 259th District Court**
**Jones County, Texas**
**Trial Court Cause No. 023537**

## M E M O R A N D U M   O P I N I O N

On September 12, 2016, Daniel Franklin filed in the trial court a notice of appeal in which he sought to appeal an order of dismissal that was signed by the trial court on February 26, 2016. When the appeal was docketed in this court, we notified Appellant by letter that it appeared to this court that the notice of appeal was untimely filed, and we requested that Appellant respond and show grounds to continue the appeal.

In his response, Appellant asserts that he did not receive notice of the dismissal until September 7, 2016, and that he diligently filed his notice of appeal soon after receiving notice of the dismissal. When a party fails to receive timely notice of an appealable order, Rule 306a.4 of the Texas Rules of Civil Procedure extends the time in which a notice of appeal may be filed. However, "in no event shall such periods begin more than ninety days after the original judgment or other appealable order was signed." TEX. R. CIV. P. 306a.4.

The documents on file in this case show that, on February 26, 2016, the trial court signed a final, appealable order in which it dismissed Appellant's cause of action in its entirety. Ninety days from that date was May 26, 2016. Thus, even if Rule 306a.4 applied, the latest possible due date for Appellant's notice of appeal was thirty days after May 26, which would have been June 27, 2016, since June 25 fell on a Saturday. *See* TEX. R. APP. P. 4.1(a), 26.1. Appellant did not file his notice of appeal until September—well after the deadline. Absent a timely notice of appeal, this court is without jurisdiction to consider this appeal. *See Wilkins v. Methodist Health Care Sys.*, 160 S.W.3d 559, 564 (Tex. 2005); *Garza v. Hibernia Nat'l Bank*, 227 S.W.3d 233, 233–34 (Tex. App.—Houston [1st Dist.] 2007, no pet.); *see also Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). Because we are without jurisdiction, we must dismiss the appeal. *See* TEX. R. APP. P. 42.3(a).

This appeal is dismissed for want of jurisdiction.

PER CURIAM

October 6, 2016

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

2