**Opinion filed November 2, 2017**



## In The

# Elebenth Court of Appeals

—————————

## No. 11-17-00297-CV

—————————

## IN THE INTEREST OF E.A.O. AND R.R.B., CHILDREN

**On Appeal from the 446th District Court**
**Ector County, Texas**
**Trial Court Cause No. E-3554-PC**

### M E M O R A N D U M   O P I N I O N

On October 18, 2017, the mother of E.A.O. and R.R.B. filed a notice of appeal in which she sought to appeal an order of termination that was signed by the trial court on June 13, 2017. When the appeal was docketed in this court, we notified Appellant by letter that it appeared to this court that the notice of appeal was untimely filed, and we requested that Appellant respond and show grounds to continue the appeal.

Appellant promptly responded to this court's letter by filing a motion for extension of time to file her appeal. In her motion, Appellant asserts that she "had been checking the Clerk's office because the Order was expected," that the order "did not appear" on the two occasions from June to August that she checked, and that she did not receive actual notice of the termination order until September 29, 2017. The district clerk acknowledges that her office inadvertently failed to provide notice to

Appellant until September 29, 2017. When a party fails to receive timely notice of an appealable order, Rule 306a.4 of the Texas Rules of Civil Procedure extends the time in which a notice of appeal may be filed. However, "in no event shall such periods begin more than ninety days after the original judgment or appealable order was signed." TEX. R. CIV. P. 306a.4; *accord* TEX. R. APP. P. 4.2.

The documents on file in this appeal show that, on June 13, 2017, the trial court signed an order of termination that was a final, appealable order. Ninety days from that date was September 11, 2017. Thus, even if Rule 306a.4 applied, the latest possible due date for Appellant's notice of appeal was twenty days after September 11, which would have been Monday, October 2, 2017, as extended. *See* TEX. R. APP. P. 4.1, 4.2, 26.1. Appellant did not file her notice of appeal until October 18— after the deadline and also after the time in which this court would be authorized to grant a fifteen-day extension. *See* TEX. R. APP. P. 26.3. Absent a timely notice of appeal, this court is without jurisdiction to consider this appeal. *See Wilkins v. Methodist Health Care Sys.*, 160 S.W.3d 559, 564 (Tex. 2005); *Garza v. Hibernia Nat'l Bank*, 227 S.W.3d 233, 233–34 (Tex. App.—Houston [1st Dist.] 2007, no pet.); *In re J.A.T.*, No. 04-12-00183-CV, 2012 WL 3732824 (Tex. App.—San Antonio Aug. 29, 2012, pet. denied) (mem. op.) (dismissing appeal for want of jurisdiction under facts similar to those before us); *see also Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). Pursuant to TEX. R. APP. P. 2, we are prohibited from suspending the Rules of Appellate Procedure "to alter the time for perfecting an appeal in a civil case." Because we are without jurisdiction, we must dismiss the appeal. *See* TEX. R. APP. P. 42.3(a).

This appeal is dismissed for want of jurisdiction.


November 2, 2017                                                  PER CURIAM

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.