**DISMISS and Opinion Filed February 8, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-18-01294-CV

## EX PARTE RONROYAL J. OWENS

On Appeal from the 204th Judicial District Court
Dallas County, Texas
Trial Court Cause No. X16-897-Q

# MEMORANDUM OPINION

Before Chief Justice Burns, Justice Whitehill, and Justice Nowell
Opinion by Chief Justice Burns

After reviewing the clerk's record, the Court questioned its jurisdiction over this appeal as it appeared the notice of appeal was untimely. We instructed appellant to file a letter brief addressing our concern with an opportunity for appellee to file a response. Appellant complied.

The timely filing of a notice of appeal is jurisdictional. *See Garza v. Hibernia Nat'l Bank*, 227 S.W.3d 233, 233 (Tex. App.—Houston [1st Dist.] 2007, no pet.); TEX. R. APP. P. 25.1(b). Without a post-judgment motion extending the deadline, a notice of appeal is due within thirty days of the date of judgment. *See* TEX. R. APP. P. 26.1.

In his letter brief, appellant concedes that he did not file his notice of appeal within thirty days of the date of judgment. Relying on Texas Rule of Appellate Procedure 4.2, he asserts his notice is still timely because he filed it within thirty days of receiving actual knowledge of the judgment. *Id*. 4.2.

Texas Rule of Appellate Procedure 4.2 provides that, if the party lacks actual knowledge of the signing of a judgment or appealable order, the running of the appellate deadlines begins on the date of actual knowledge, not to exceed ninety days after the original judgment is signed. *See* TEX. R. APP. P. 4.2(a)(1). The procedure to gain this additional time is governed by Texas Rule of Civil Procedure 306a(5), which requires a party receiving actual knowledge more than twenty days after the signing of the judgment, to establish the date of actual knowledge in the trial court by motion and with notice. *See id*. 4.2(b); TEX. R. CIV. P. 306a(5). Following a hearing, the trial court must sign a written order finding the date when the party first received notice. *See* TEX. R. APP. P. 4.2(c).

The record before this Court reflects the trial court signed the judgment on August 3, 2018. Appellant asserts he received actual knowledge on September 19, 2018. However, the record does not contain the required rule 306a motion or written order establishing the date of actual knowledge. Under these circumstances, the notice of appeal was due on September 4, 2018. *See id*. 4.1(a); 26.1. Because appellant filed his notice of appeal on October 25, 2018, we lack jurisdiction and dismiss this appeal. *See* TEX. R. APP. P. 42.3(a).

/Robert D. Burns, III/

ROBERT D. BURNS, III
CHIEF JUSTICE

181294F.P05



## Court of Appeals
## Fifth District of Texas at Dallas
**JUDGMENT**

EX PARTE RONROYAL J. OWENS

No. 05-18-01294-CV

On Appeal from the 204th Judicial District Court, Dallas County, Texas
Trial Court Cause No. X16-897-Q.
Opinion delivered by Chief Justice Burns.
Justices Whitehill and Nowell participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED**.

Judgment entered February 8, 2019.