**Opinion filed May 23, 2019**



# In The

# Eleventh Court of Appeals

_____

## No. 11-19-00156-CV

_____

## CHARLES TIMOTHY THOMAS, Appellant

## V.

## LEO VENZOR, Appellee

**On Appeal from the 35th District Court**
**Brown County, Texas**
**Trial Court Cause No. CV1612490**

## M E M O R A N D U M   O P I N I O N

Appellant, Charles Timothy Thomas, filed an untimely notice of appeal from a judgment entered against him and in favor of Appellee, Leo Venzor. Upon docketing this appeal, the clerk of this court wrote the parties and informed them that the notice of appeal appeared to have been untimely filed. We requested that Appellant respond and show grounds to continue the appeal.

In response, Appellant filed a motion to allow late filing of his notice of appeal. In the motion, counsel for Appellant explained that he had inadvertently calendared the due date for the notice of appeal from the date of the trial court's

findings of fact and conclusions of law—instead of from the date that the trial court signed the final judgment. *See* TEX. R. APP. P. 26.1.(a).

The documents filed in this court reflect that the trial court signed the final judgment in this cause on January 15, 2019, and that Appellant timely filed a request for findings of fact and conclusions of law on January 29, 2019. *See* TEX. R. CIV. P. 296. Thus, the notice of appeal was due to be filed on April 15, 2019—ninety days after the judgment was signed. *See* TEX. R. APP. P. 26.1.(a)(4). Appellant's notice of appeal was filed on May 7, 2019, which was 112 days after the date that the trial court signed the judgment. The notice of appeal was filed outside the fifteen-day extension period permitted by TEX. R. APP. P. 26.3.

Absent a timely notice of appeal, this court is without jurisdiction to consider this appeal. *See Wilkins v. Methodist Health Care Sys.*, 160 S.W.3d 559, 564 (Tex. 2005); *Garza v. Hibernia Nat'l Bank*, 227 S.W.3d 233, 233–34 (Tex. App.—Houston [1st Dist.] 2007, no pet.); *see also Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). We note that we are prohibited from suspending the rules "to alter the time for perfecting an appeal in a civil case." TEX. R. APP. P. 2. Thus, despite the inadvertence in the late filing of the notice of appeal, we are unable to grant Appellant's motion to allow the late filing of the notice of appeal beyond the fifteen-day extension period. *See id.* Because we are without jurisdiction, we must dismiss the appeal. *See* TEX. R. APP. P. 42.3(a).

Accordingly, we dismiss this appeal for want of jurisdiction.

May 23, 2019                                             PER CURIAM

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.