**DISMISS and Opinion Filed May 12, 2021**



In The

# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-21-00234-CV

**DIETRICK LEWIS JOHNSON, SR., Appellant**
**V.**
**RAFAEL DE LA GARZA AND THE DE LA GARZA LAW FIRM, P.C.,**
**Appellees**

**On Appeal from the 219th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 219-02061-2019**

## MEMORANDUM OPINION
Before Justices Molberg, Goldstein, and Smith
Opinion by Justice Goldstein

Dietrick Lewis Johnson, Sr. appeals the trial court's January 31, 2020 order dismissing his case for want of prosecution. Appellant filed his notice of appeal on April 12, 2021. After reviewing the clerk's record, we notified the parties that it appeared appellant's notice of appeal was not timely filed. We instructed appellant to file a jurisdictional brief specifically addressing the timeliness issue and gave appellees the opportunity to respond.

On May 10, 2021, appellant filed a jurisdictional letter brief that alleges he was prevented from pursuing his underlying case because he was housed in a special

housing unit at USP Canaan (a high security United States penitentiary in Pennsylvania). Appellant asserts he was afforded few, if any, opportunities to communicate with the trial court until September 8, 2020. He asks this Court to "reinstate all of his appellate rights in the trial court." He did not, however, address the timeliness of his notice of appeal or how this Court has jurisdiction to "reinstate" his appellate rights.

Our jurisdiction is fundamental and never presumed. *Brashear v. Victoria Gardens of McKinney, L.L.C.*, 302 S.W.3d 542, 546 (Tex. App.—Dallas 2009, no pet.). Absent a timely filed notice of appeal from a final judgment or recognized interlocutory order, we do not have jurisdiction over an appeal. *See Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). When a party does not file a post-judgment motion extending the appellate timetable, the notice of appeal is due within thirty days after the judgment is signed or, with an extension motion, within forty-five days after the judgment is signed. *See* TEX. R. APP. P. 26.1, 26.3.

Because appellant did not file any post-judgment motion extending the appellate timetable, the notice of appeal was due on March 2, 2020. *See id.* 4.1(a), 26.1. Appellant, however, filed his notice of appeal on April 12, 2021, more than one year after the deadline. The untimely notice of appeal fails to invoke our jurisdiction. *See Garza v. Hibernia Nat'l Bank*, 227 S.W.3d 233, 233 (Tex. App.—Houston [1st Dist.] 2007, no pet.).

Accordingly, we dismiss the appeal. *See* TEX. R. APP. P. 25.1(b), 42.3(a).


/Bonnie Lee Goldstein/
BONNIE LEE GOLDSTEIN
JUSTICE


210234F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

DIETRICK LEWIS JOHNSON, SR., Appellant

No. 05-21-00234-CV     V.

RAFAEL DE LA GARZA AND THE DE LA GARZA LAW FIRM, P.C., Appellee

On Appeal from the 219th Judicial District Court, Collin County, Texas
Trial Court Cause No. 219-02061-2019.
Opinion delivered by Justice Goldstein. Justices Molberg and Smith participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED** for want of jurisdiction.

Judgment entered May 12, 2021