**Opinion filed June 10, 2021**



In The

# Eleventh Court of Appeals

_____

## No. 11-21-00044-CV

_____

## CYNTHIA MURDOCK, Appellant

## V.

## TIMOTHY RUSSELL MURDOCK, Appellee

**On Appeal from the 326th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 33660-C**

## MEMORANDUM OPINION

Appellant, Cynthia Murdock, filed an untimely notice of appeal from an order signed by the trial court on October 2, 2020. The order relates to the amount of money that Appellant is entitled to receive from her ex-husband's military retirement pay. Upon docketing this appeal, the clerk of this court wrote the parties and informed them that the notice of appeal appeared to have been untimely filed. We requested that Appellant respond and show grounds to continue the appeal. We also informed Appellant that this appeal may be dismissed for want of jurisdiction.

Appellant responded by letter and informed this court that she had not been informed of the trial court's decision and was unaware of the decision until after she received a retirement disbursement check in a decreased amount. Appellant, who has been COVID positive for an extended period of time, also requested additional time to pay this court's filing fee. Although we are sympathetic to Appellant's plight and have extended the due dates for the filing fee, we must nevertheless dismiss this appeal.

The documents filed in this court reflect that the trial court signed the order from which Appellant attempts to appeal on October 2, 2020. The notice of appeal was therefore due to be filed on November 2, 2020—thirty days after the order was signed. *See* TEX. R. APP. P. 4.1(a), 26.1. Appellant's notice of appeal was not filed until March 31, 2021—180 days after the date that the trial court signed the order. The notice of appeal was therefore filed outside the fifteen-day extension period that is authorized by the rules. *See* TEX. R. APP. P. 26.3. The notice of appeal was also filed outside the time during which Rule 306a.4 would provide for an extension based upon Appellant's failure to receive notice of the trial court's order. *See* TEX. R. CIV. P. 306a.4 (providing that "in no event shall such periods begin more than ninety days after the original judgment or other appealable order was signed").

Absent a timely notice of appeal, this court is without jurisdiction to consider an appeal. *Wilkins v. Methodist Health Care Sys.*, 160 S.W.3d 559, 564 (Tex. 2005); *Garza v. Hibernia Nat'l Bank*, 227 S.W.3d 233, 233–34 (Tex. App.—Houston [1st Dist.] 2007, no pet.); *see Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) (stating that, once the fifteen-day period for granting a motion for extension of time has passed, a party can no longer invoke the appellate court's jurisdiction). We note that we are prohibited from suspending the rules "to alter the time for perfecting an appeal in a civil case." TEX. R. APP. P. 2. Because we are without jurisdiction, we must dismiss the appeal. *See* TEX. R. APP. P. 42.3(a).

Accordingly, we dismiss this appeal for want of jurisdiction.

PER CURIAM

June 10, 2021

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.