**Opinion filed September 16, 2021**



In The

# Eleventh Court of Appeals

_____

## No. 11-21-00152-CV

_____

## HUGO AMBRIZ, Appellant

## V.

## SCENIC MOUNTAIN MEDICAL CENTER AND MANUEL CARRASCO, M.D., Appellees

**On Appeal from the 118th District Court**

**Howard County, Texas**

**Trial Court Cause No. 53038**

## M E M O R A N D U M   O P I N I O N

Appellant, Hugo Ambriz, filed an untimely notice of appeal from two dismissal orders signed by the trial court in February 2020. Upon docketing this appeal, the clerk of this court wrote the parties and informed them that the notice of appeal appeared to have been untimely filed. We requested that Appellant respond and show grounds to continue the appeal. We also informed Appellant that this appeal may be dismissed for want of jurisdiction.

Appellant responded by a letter in which he asked for counsel and addressed the merits of the underlying cause. However, he has not shown any grounds upon which this appeal may be continued.

The documents filed in this court reflect that the trial court signed two dismissal orders that, together, create a final judgment in this cause: (1) a February 10, 2020 order granting Scenic Mountain Medical Center's motion to dismiss and (2) a February 13, 2020 order granting Manuel Carrasco, M.D.'s motion to dismiss. The notice of appeal was due to be filed on March 16, 2020—thirty days after the February 13 order was signed. *See* TEX. R. APP. P. 4.1(a), 26.1. Appellant's notice of appeal was not filed until July 20, 2021—more than one year after the date that the trial court signed the dismissal orders. The notice of appeal was therefore filed outside the fifteen-day extension period that is authorized by the rules. *See* TEX. R. APP. P. 26.3. The notice of appeal was also filed outside the time during which Rule 306a.4 would provide for an extension based upon Appellant's failure to receive notice of the trial court's order. *See* TEX. R. CIV. P. 306a.4 (providing that "in no event shall such periods begin more than ninety days after the original judgment or other appealable order was signed").

Absent a timely notice of appeal, this court is without jurisdiction to consider an appeal. *Wilkins v. Methodist Health Care Sys.*, 160 S.W.3d 559, 564 (Tex. 2005); *Garza v. Hibernia Nat'l Bank*, 227 S.W.3d 233, 233–34 (Tex. App.—Houston [1st Dist.] 2007, no pet.); *see Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) (stating that, once the fifteen-day period for granting a motion for extension of time has passed, a party can no longer invoke the appellate court's jurisdiction). We note that we are prohibited from suspending the rules "to alter the time for perfecting an appeal in a civil case." TEX. R. APP. P. 2. Because we are without jurisdiction, we must dismiss the appeal. *See* TEX. R. APP. P. 42.3(a).

Accordingly, we dismiss this appeal for want of jurisdiction.

PER CURIAM

September 16, 2021

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.