**Opinion filed December 30, 2021**



In The

# Eleventh Court of Appeals

_____

## No. 11-21-00270-CV

_____

## VERNON WILLINGHAM, Appellant

## V.

## PARAS RAMOLIA, M.D., Appellee

**On Appeal from the 104th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 28081-B**

### M E M O R A N D U M   O P I N I O N

Appellant, Vernon Willingham, filed an untimely notice of appeal from a dismissal order signed by the trial court on July 27, 2021. Upon docketing this appeal, the clerk of this court wrote the parties and informed them that the notice of appeal appeared to have been untimely filed. We requested that Appellant respond and show grounds to continue the appeal. We also informed Appellant that this appeal may be dismissed.

Appellant responded by filing a motion for an extension of time in which to file his notice of appeal. Appellant suggests in his motion that this court has

authority to utilize an available grace period. However, we have no such authority, and Appellant has not shown any other grounds upon which this appeal may be continued.

The documents filed in this court reflect that on July 27, 2021, the trial court signed an order of dismissal with prejudice and awarded attorney's fees to Appellee, Paras Ramolia, M.D. This is the final judgment from which Appellant attempts to appeal. Appellant timely filed a motion for new trial on August 23, 2021. Appellant's notice of appeal was therefore due to be filed on October 25, 2021—ninety days after the July 27 order was signed. *See* TEX. R. APP. P. 4.1(a), 26.1(a). Appellant's notice of appeal was not filed until November 22, 2021. The notice of appeal was therefore filed outside the fifteen-day extension period that is authorized by the rules. *See* TEX. R. APP. P. 26.3.

Absent a timely notice of appeal, this court is without jurisdiction to consider an appeal. *Wilkins v. Methodist Health Care Sys.*, 160 S.W.3d 559, 564 (Tex. 2005); *Garza v. Hibernia Nat'l Bank*, 227 S.W.3d 233, 233–34 (Tex. App.—Houston [1st Dist.] 2007, no pet.); *see Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) (stating that, once the fifteen-day period for granting a motion for extension of time has passed, a party can no longer invoke the appellate court's jurisdiction). We note that we are prohibited from suspending the rules "to alter the time for perfecting an appeal in a civil case." TEX. R. APP. P. 2. Because we are without jurisdiction, we must dismiss the appeal. *See* TEX. R. APP. P. 42.3(a).

Accordingly, Appellant's motion for extension of time to file the notice of appeal is denied, and this appeal is dismissed for want of jurisdiction.

December 30, 2021                                              PER CURIAM

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.