**Opinion filed March 24, 2022**



In The

# Eleventh Court of Appeals

_____

## No. 11-21-00279-CV

_____

## IN THE INTEREST OF M.M.L.M., A CHILD

**On Appeal from the 318th District Court**
**Midland County, Texas**
**Trial Court Cause No. FM67615**

## M E M O R A N D U M   O P I N I O N

In an April 2021 order, the trial court terminated the parental rights of M.M.L.M.'s mother and father. M.M.L.M.'s mother subsequently filed a pro se notice of appeal. When the appeal was docketed in this court, the clerk of this court notified the parties that it appeared to this court that the notice of appeal was not timely filed, and we requested that Appellant respond and show grounds to continue the appeal. In response to this court's letter, Appellant filed a document in which she asked for an extension on her case and indicated that she wanted to work the required services so that her child could be returned to her care. Appellant, however, has not shown any grounds upon which this appeal may be continued.

The documents on file in this appeal show that, on April 7, 2021, the trial court signed an order of termination that was a final, appealable order. The notice of appeal was therefore due to be filed on April 27, 2021. *See* TEX. R. APP. P. 26.1(b), 28.1(b) (providing that, in an accelerated appeal, the notice of appeal, must be filed within twenty days after the date the order was signed). Appellant did not file her notice of appeal until December 2, 2021—well after the deadline and also after the time in which this court would be authorized to grant a fifteen-day extension. *See* TEX. R. APP. P. 26.3. We are prohibited from suspending the Rules of Appellate Procedure "to alter the time for perfecting an appeal in a civil case." TEX. R. APP. P. 2. Absent a timely notice of appeal, this court is without jurisdiction to consider this appeal. *See Wilkins v. Methodist Health Care Sys.*, 160 S.W.3d 559, 564 (Tex. 2005); *Garza v. Hibernia Nat'l Bank*, 227 S.W.3d 233, 233–34 (Tex. App.—Houston [1st Dist.] 2007, no pet.); *see also Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). Because we are without jurisdiction, we must dismiss the appeal. *See* TEX. R. APP. P. 42.3(a).

Accordingly, this appeal is dismissed for want of jurisdiction.


PER CURIAM


March 24, 2022

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.