**Opinion filed March 31, 2022**



## In The

# Eleventh Court of Appeals

_____

## No. 11-22-00043-CV

_____

## 2008 LEXUS, TX LIC NO KTD3353, VIN NO 2T2HK31U48C095370 AND ONE THOUSAND EIGHT DOLLARS ($1,008.00) UNITED STATES CURRENCY, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 244th District Court**
**Ector County, Texas**
**Trial Court Cause No. C-21-11-1248-CV**

## M E M O R A N D U M   O P I N I O N

Princewill Azuburike Tata filed an untimely pro se notice of appeal from a default judgment of forfeiture. Upon docketing this appeal, the clerk of this court wrote the parties and informed them that the notice of appeal appeared to have been untimely filed. We requested that Tata respond and show grounds to continue the appeal. We also informed Tata that this appeal may be dismissed.

Tata filed a response addressing the merits of the underlying case.  In that response, Tata did not provide this court with any grounds upon which this appeal may be continued.

The documents filed in this court reflect that on December 16, 2021, the trial court signed a default judgment of forfeiture.  This is the final judgment from which Tata attempts to appeal.[1]  Tata did not file a motion for new trial.  A notice of appeal was therefore due to be filed on or before January 18, 2022—thirty days after the trial court signed its judgment.  *See* TEX. R. APP. P. 4.1(a), 26.1.  Tata's notice of appeal was not filed until March 1, 2022.  The notice of appeal was therefore filed outside the fifteen-day extension period that is authorized by the rules.  *See* TEX. R. APP. P. 26.3.

Absent a timely notice of appeal, this court is without jurisdiction to consider an appeal.  *Wilkins v. Methodist Health Care Sys.*, 160 S.W.3d 559, 564 (Tex. 2005); *Garza v. Hibernia Nat'l Bank*, 227 S.W.3d 233, 233–34 (Tex. App.—Houston [1st Dist.] 2007, no pet.); *see Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) (stating that, once the fifteen-day period for granting a motion for extension of time has passed, a party can no longer invoke the appellate court's jurisdiction).  We note that we are prohibited from suspending the rules "to alter the time for perfecting an appeal in a civil case." TEX. R. APP. P. 2.  Because we are without jurisdiction, we must dismiss the appeal.  *See* TEX. R. APP. P. 42.3(a).

Accordingly, this appeal is dismissed for want of jurisdiction.

March 31, 2022 PER CURIAM

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

---

[1]We note that Tata did not file a notice of restricted appeal from the default judgment.  *See* TEX. R. APP. P. 25.1(d)(7).