**Opinion filed October 19, 2023**



## In The

# Eleventh Court of Appeals

_____

## No. 11-23-00192-CV

_____

## IN THE INTEREST OF C.M.S., S.M.S., M.L.S., AND O.A.S., CHILDREN

### On Appeal from the 29th District Court
### Palo Pinto County, Texas
### Trial Court Cause No. C50136

### M E M O R A N D U M   O P I N I O N

On July 19, 2023, the trial court signed an order in a suit to modify the parent-child relationship that, among other things, (1) required the parents of the children, C.M.S., S.M.S., M.L.S., and O.A.S., to continue to serve as joint managing conservators and comply with a modified possession order, (2) designated the mother to have the exclusive right to designate the children's primary residence, and (3) granted a judgment in favor of the mother for child support arrearages owed by the father. The father, Appellant, subsequently filed a pro se notice of appeal. When the appeal was docketed in this court, the clerk of this court notified the parties that

it appeared that the notice of appeal was not timely filed. We directed Appellant to file a motion for extension of time to file the notice of appeal within fifteen days and to provide a reasonable explanation for his failure to file a timely notice.

The documents on file in this appeal show that the trial court signed its order in the underlying suit on July 19, 2023. The notice of appeal was therefore due to be filed no later than August 18, 2023. *See* TEX. R. APP. P. 26.1. Appellant did not file his notice of appeal until August 21, 2023—after the deadline to file had expired. Upon receipt of his untimely notice of appeal, we directed Appellant to file a motion for extension of time to file his notice of appeal by September 5, 2023. As of this date, Appellant has not responded, nor has he filed a motion for extension of time to file his notice of appeal.

We are prohibited from suspending the Rules of Appellate Procedure "to alter the time for perfecting an appeal in a civil case." TEX. R. APP. P. 2. Absent a timely notice of appeal, this court is without jurisdiction to consider this appeal. *See Wilkins v. Methodist Health Care Sys.*, 160 S.W.3d 559, 564 (Tex. 2005); *Garza v. Hibernia Nat'l Bank*, 227 S.W.3d 233, 233–34 (Tex. App.—Houston [1st Dist.] 2007, no pet.); *see also Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). Because we are without jurisdiction, we must dismiss the appeal. *See* TEX. R. APP. P. 42.3(a).

Accordingly, this appeal is dismissed for want of jurisdiction.


W. STACY TROTTER

JUSTICE

October 19, 2023

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.