**Opinion filed January 9, 2025**



### In The

# Eleventh Court of Appeals

_____

## No. 11-24-00309-CV

_____

## MICHAEL MOORE AND CHRISTINE M. HUDDLESTON, Appellants

## V.

## FREEDOM MORTGAGE CORPORATION, Appellee

**On Appeal from the County Court at Law No. 2
Midland County, Texas
Trial Court Cause No. CV35685**

### M E M O R A N D U M   O P I N I O N

On November 25, 2024, Appellants, Michael Moore and Christine M. Huddleston,[1] filed a pro se notice of appeal from the trial court's final judgment of possession in favor of Appellee, Freedom Mortgage Corporation.  The trial court signed its final judgment on September 19, 2024.

---

[1]We note that Appellant Christine M. Huddleston signed her name as Christine Huddleston Moore on the notice of appeal.

When this appeal was docketed, we notified Appellants by letter that their notice of appeal appeared to be untimely. In our letter, we requested that Appellants provide this court with a response showing grounds to continue this appeal. Instead of filing a response, Appellants filed a writ of mandamus, stating that "[i]t is mandatory for this writ of mandamus that the appeals court demand the trial court to reverse its decision . . . and dismiss the case on the merits."[2] We note that, even if we construed Appellants' petition for writ of mandamus as a response to our letter, it does not address the untimeliness of Appellants' notice of appeal, nor does it show grounds upon which this appeal may continue.

Appellants did not timely file their notice of appeal from the trial court's final judgment. The documents on file in this appeal show that the trial court signed its final judgment in the underlying proceedings on September 19, 2024. As a result, absent a timely-filed motion for extension of time to file their notice of appeal, to invoke our jurisdiction Appellants were required to file their notice no later than October 21, 2024. *See* TEX. R. APP. P. 26.1, 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) (a party can no longer invoke an appellate court's jurisdiction once the period for granting a motion for extension of time has passed). Appellants instead filed their pro se notice of appeal on November 25, 2024, after the deadline to file the notice of appeal and the deadline to file a motion for extension of time to file such a notice had expired. *See* TEX. R. APP. P. 26.1, 26.3.

We are prohibited from suspending the Rules of Appellate Procedure "to alter the time for perfecting an appeal in a civil case." TEX. R. APP. P. 2. Absent a timely notice of appeal, this court is without jurisdiction to consider this appeal. *See Wilkins v. Methodist Health Care Sys.*, 160 S.W.3d 559, 564 (Tex. 2005); *Garza v.*

---

[2]Contemporaneous with the issuance of this opinion, we are today denying the petition for writ of mandamus in that cause with a docket entry. *In re Michael Moore and Christine Huddleston Moore*, No. 11-24-00319-CV (Tex. App.—Eastland Jan. 9, 2025, orig. proceeding); *see* TEX. R. APP. P. 52.8(a), (d).

*Hibernia Nat'l Bank*, 227 S.W.3d 233, 233–34 (Tex. App.—Houston [1st Dist.] 2007, no pet.); *see also Verburgt*, 959 S.W.2d at 617.  Because we are without jurisdiction, we must dismiss this appeal.  *See* TEX. R. APP. P. 42.3(a).

Accordingly, we dismiss this appeal for want of jurisdiction.


W. STACY TROTTER
JUSTICE


January 9, 2025

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.